2830 WHITNEY AVENUE CORPORATION *v.* HERITAGE CANAL DEVELOPMENT ASSOCIATES, INC., ET AL.
(11874)

O'CONNELL, LAVERY and HEIMAN, Js.

---

Argued November 1, 1993—decision released February 8, 1994

*Charles A. Sherwood,* for the appellant (defendant Quality Associates, Inc.).

*Christopher Rooney,* for the appellee (plaintiff).

O'CONNELL, J. In this mortgage foreclosure action, the third party plaintiff, Quality Associates, Inc. (Quality), appeals from a summary judgment dismissing its amended cross complaint. The issues are (1) whether Quality met its burden of demonstrating that the trial court improperly granted summary judgment, and (2) whether the trial court improperly struck Quality's cross complaint from the jury list. We affirm the judgment of the trial court.

On April 21, 1988, Heritage Canal Development Associates, Inc. (Heritage), executed a $4,500,000 promissory note to People's Bank (People's) to secure a construction mortgage deed. Pursuant to the note

and mortgage deed, People's advanced $4,123,714 to Heritage. When Heritage defaulted on its interest payments, People's instituted this foreclosure action. Heritage raised no defenses to the foreclosure.

Quality was included as a party defendant because of its status as a subsequent encumbrancer by virtue of a recorded mechanic's lien which recited that it had commenced work on the mortgaged premises on June 6, 1988. Quality filed an answer, special defenses and cross complaint in which it sought to foreclose its mechanic's lien. Because its mechanic's lien refers to the commencement of work two months after People's mortgage was recorded, the trial court granted People's motion to strike the special defenses and cross complaint on October 15, 1990. While the motion to strike was pending before the trial court, People's filed an application to discharge Quality's mechanic's lien and to substitute a bond pursuant to General Statutes § 49-37.[1] The trial court granted People's motion to discharge Quality's mechanic's lien upon substitution of a bond on February 11, 1991. People's posted a bond and proceeded to a judgment of strict foreclosure with law days set to commence on March 18, 1991.

After rendition of the judgment of strict foreclosure, but prior to the first law day, People's assigned all of its right, title and interest in the mortgage to the 2830 Whitney Avenue Corporation (Whitney Avenue). Accordingly, when the final law day elapsed without redemption, title vested in Whitney Avenue. *Crane* v. *Lomis*, 128 Conn. 697, 700, 25 A.2d 650 (1942). With

---

[1] General Statutes § 49-37 provides in relevant part: "(a) Whenever any mechanic's lien has been placed upon any real estate pursuant to sections 49-33, 49-34 and 49-35, the owner of that real estate, or any person interested in it, may make an application to any judge of the superior court that the lien be dissolved upon the substitution of a bond with surety, and the judge shall order reasonable notice to be given to the lienor of the application. . . ."

title to the property now vested in Whitney Avenue, Quality filed a second cross complaint seeking to invalidate People's mortgage and to foreclose on the bond posted by People's. This second cross complaint became the operative pleading between Quality and Whitney Avenue as People's assignee.

Whitney Avenue filed an answer and special defenses on December 17, 1991. Quality claimed its foreclosure cross complaint to a jury and the trial court granted Whitney Avenue's motion to strike the case from the jury list on the ground that this was an action in equity.

Thereafter, Whitney Avenue filed a motion for summary judgment. Following oral argument, the court granted summary judgment in favor of Whitney Avenue. Quality appeals the granting of the summary judgment and also the striking of the case from the jury list.

We first consider the issue of whether the trial court properly granted summary judgment. A party moving for summary judgment must show that it is clear what the truth is and must exclude any real doubt as to the existence of any genuine issue of material fact. Practice Book § 384; *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982). "The test is whether a party would be entitled to a directed verdict on the same facts. . . . '[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.' " (Citation omitted.) *Batick* v. *Seymour,* supra.

The trial court granted summary judgment in favor of Whitney Avenue. Quality now asserts that Whitney Avenue bears the burden on appeal of proving that the trial court's decision to grant the summary judgment was not clearly erroneous. Quality cites *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 488, 280 A.2d 359 (1971), in support of that claim.

Quality confuses the burden of proof on a motion for summary judgment in the trial court with the burden of proof on appeal from the granting of a summary judgment. In the trial court, the movant bears the burden of demonstrating that there is no genuine issue of material fact; Practice Book § 384; *Batick* v. *Seymour,* supra; and the opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 781, 595 A.2d 334 (1991). The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149 (1967). A material issue of fact is one that will affect the outcome of the case. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 379, 260 A.2d 596 (1969). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 381.

On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980). On appeal, we review the affidavits to determine whether the opposing party sustained that burden.

Quality filed two affidavits. The first was that of Quality's attorney averring that he had conferred with opposing counsel concerning replies to interrogatories. Even if we ignore the principle that generally an affidavit by a party's attorney should not be used to oppose a summary judgment motion; *Farrell* v. *Farrell,* 182

Conn. 34, 37 n.2, 438 A.2d 415 (1980); this affidavit is irrelevant to the issue of the existence of an issue of fact.

The second affidavit was executed by Stephen Russo, Quality's president. The affidavit contains seven initial paragraphs identifying the parties and the nature of the action, none of which provides any substantive support of Quality's claims. Eleven of the remaining twenty-one paragraphs are hearsay, while six other paragraphs contain self-serving, unsubstantiated speculation by Russo regarding People's alleged mishandling of the loan. Simply put, Russo's averments do not amount to competent evidence supporting the claims in Quality's cross complaint.[2]

Hearsay statements are insufficient to contradict facts offered by the moving party; *McColl* v. *Pataky,*

---

[2] Quality's cross complaint included a litany of claims against People's. First, Quality claimed that People's did not have priority over its mechanic's lien and that the description of the terms in the original mortgage between People's and Heritage was too indefinite to be effectual. Notwithstanding Quality's claims, it is undisputed that People's mortgage was recorded two months prior to the commencement of Quality's work at the mortgaged premises. Moreover, the terms of the mortgage between People's and Heritage are the exact language suggested in General Statutes § 49-3 (a) relating to mortgages securing future advancements. Accordingly, Quality's claim is without merit. Second, Quality advanced the claim that People's conspired with Heritage and the cosigners of the note and deed to destroy any security interest Quality had in its mechanic's lien. Quality's allegations of a conspiracy are purely speculative and wholly unsubstantiated and are thus without merit. Finally, Quality claimed that People's was unjustly enriched by and through Quality's installation of plumbing at the property used to secure the note. As the holder of a mortgage recorded prior to Quality's commencing work on the site, People's has a right on default to foreclose on the property securing the note. Quality provides no support, legal or factual, for its claim that People's was unjustly enriched. See *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379 (1971).

On appeal, Quality argued that People's owed, to third parties like itself, a duty of good faith in the continued administering of the loan to Heritage. Because Quality alleged the issue of bad faith for the first time on appeal, we decline to review it. *Lopiano* v. *Stamford,* 22 Conn. App. 591, 594, 577 A.2d 1135 (1990).

160 Conn. 457, 459, 280 A.2d 146 (1971); *Sheridan* v. *Board of Education,* 20 Conn. App. 231, 240, 565 A.2d 882 (1989); and if an affidavit contains inadmissible evidence it will be disregarded.[3] *New Haven Tobacco Co.* v. *O'Brien,* 37 Conn. Sup. 815, 819, 438 A.2d 440 (1981). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." Id. In the present case, Whitney Avenue's affidavits satisfied the movant's burden of proof. In support of its motion for summary judgment Whitney Avenue submitted, among other evidence, the following: the assignment agreement between People's and Whitney Avenue, the certificate of mechanic's lien filed by Quality and the mortgage deed between People's and Heritage. In addition, Whitney Avenue submitted the sworn affidavit of People's vice-president, Christopher T. Arnold, who negotiated and administered the loan to Heritage. In that affidavit, Arnold swore that there was no agreement between People's and Heritage to eliminate subsequent lienors. As analyzed in footnote two, Quality offered nothing by way of factual proof inconsistent with Whitney Avenue's considerable evidence.

Because Whitney Avenue's affidavits were adequate and not countered by affidavits or other documentary proof showing a genuine issue of material fact, Quality has not sustained its appellate burden of showing that the trial court's decision granting summary judgment was erroneous in law.

---

[3] A motion to strike is the proper method to attack a counteraffidavit that does not comply with the rules. See *McCourt* v. *Anemostat Corp.,* 25 Conn. Sup. 462, 207 A.2d 585 (1965). In the present case, however, the counteraffidavit was delivered to Whitney Avenue's counsel during the course of argument, thereby depriving them of an opportunity to file a proper motion to strike. See Practice Book §§ 154 and 155.

Because we conclude that the trial court properly granted summary judgment, we do not reach the defendant's claim concerning striking the case from the jury list.

The judgment is affirmed.

In this opinion the other judges concurred.