[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION FOR SUMMARY JUDGMENT (NO. 101)
On November 16, 1994, the plaintiff, National Mortgage Company, as Servicer, filed a complaint against defendants, Amin Hasan, Trustee, and Amin Hasan, formerly known as Clarence X. Barnes or Clarence X. Barnes, Jr., and Mateen Hasan, Trustee, and Mateen Hasan, formerly known as Janie Barnes[1], in an action to foreclose a mortgage from Clarence X. Barnes, Jr., and Janie Barnes to Mechanics and Farmers Savings Bank, the plaintiff's predecessor. The plaintiff alleges that the defendants have failed to pay the monthly installment due on February 1, 1993 and/or March 1, 1993 and each month thereafter. Thus, under the terms of the mortgage, the plaintiff declared the entire balance due and payable.
The plaintiff further alleges that on November 25, 1977, the defendants, then having the legal names of Clarence X. Barnes, Jr., and Janie Barnes, executed a note in the principal sum of $32,400.00 payable to the plaintiff's predecessor, Mechanics and Farmers Bank. This note was secured by a mortgage deed on property located at 158-162 Steuben Street in Bridgeport, CT. The mortgage was duly recorded in the Bridgeport Land Records.[2]
The Federal Deposit and Insurance Corporation, as receiver of Mechanics and Farmers Bank, assigned the note and mortgage to the plaintiff on November 8, 1991. This assignment was recorded on August 21, 1992 in the Bridgeport Land Records.
On December 5, 1994, the plaintiff filed a motion for summary judgment as to liability against the defendants accompanied by a memorandum of law. The plaintiff also provided copies of supporting documentary evidence including: an affidavit from an assistant vice president employed by the plaintiff, the note executed by Clarence X. Barnes, Jr., and Janie Barnes, open-end mortgage signed by Clarence X. Barnes, Jr., and Janie Barnes, Decree of Name Change issued by the Probate Court, Assignment of the Mortgage to the plaintiff, the mortgage loan history report, and a letter dated September 1, 1994 addressed to the defendant from the plaintiff regarding the loan default.
On December 8, 1994, the defendants, acting pro se, filed an CT Page 5284-FF objection to the motion for summary judgment and a supporting memorandum of law.
On December 13, 1994, the defendants filed a counterclaim[3]
in two counts. The first count alleges that a void contract existed between the plaintiff and the defendants "making complaint for foreclosure illegal for jurisdictional foreclosure." The second count alleges that the plaintiff breached the open-end mortgage. The defendant requests that the plaintiff release the lien on the property, release the defendants from liability on the note and pay $2,000,000 in punitive damages.
On December 30, 1994, the defendants filed another memorandum of law in objection to the motion for summary judgment. In their submitted affidavit, the defendants admit that they are makers of the note and mortgage. They allege that the plaintiff failed to provide notice of acceleration and failed to properly credit/post payments which they had remitted between January through August 1993.
On January 12, 1995, the court, Thim, J., denied the plaintiff's motion for summary judgment because the pleadings between the two parties were not closed. On January 30, 1995, the court, Thim, J., reconsidered and vacated its earlier ruling on the motion for summary judgment, thus permitting the plaintiff to reclaim the motion.
In February of 1995, the defendants filed several requests for leave to amend their objection to the motion for summary judgment. They assert that they did not receive proper notice and that the plaintiff did not post/credit payments received January through August, 1993. The defendants state that these inactions on the plaintiff's part resulted in a breach of the agreement between the parties. The defendants also allege that the plaintiff has failed to respond to requested admissions.
On February 20, 1995, the defendants filed another request for leave to amend their objection to the motion for summary judgment asserting that the plaintiff's motion for summary judgment "is not in legal form for judicial process." The defendants then allege that the plaintiff's "motion for summary judgment does not contain any evidence."
On May 31, 1996, the plaintiff filed a supplemental memorandum in support of its motion for summary judgment. In the CT Page 5284-GG memorandum, the plaintiff argues that it sent the defendants proper notice of default and acceleration. The plaintiff also provided additional affidavits regarding the mortgage loan history, including the receipt and return of partial payments to the defendants in January through August of 1993.
The plaintiff also supplied a copy of a certified letter dated August 23, 1993 addressed to the defendants at the property address re: default and acceleration. The plaintiff also included a copy of a receipt for this letter signed by defendant, Amin Hasan.
On June 3, 1996, the defendants filed a supplemental memorandum in support of their objection to the motion for summary judgment. They contend that the plaintiff has not properly applied checks and money orders received to their mortgage loan balance.
On June 4, 1996, the defendants filed a supplemental explanatory affidavit in objection to the motion for summary judgment. They contend that the plaintiff has not properly applied payments sent in 1993 and that the plaintiff has not provided them with requested documents regarding these payments and their loan history.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and Way Properties v. Colt's ManufacturingCo., 230 Conn. 660, 664, 646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney AvenueCorp. v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563,567, 636 A.2d 1377 (1994).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J., 11 Conn. L. Rptr. 113). "A CT Page 5284-HH foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done." Id., citing Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bank of Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). However, the court in First Federal v.Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action."
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact regarding the defendants' failure to pay the promissory note pursuant to the terms of the note.
In opposition to the plaintiff's motion for summary judgment, the defendants, in their numerous objections and amended supporting memoranda of law, first argue that the plaintiff's motion should be denied because the matter has been claimed to the trial list in United States District Court. It appears that this argument is raised in response to the plaintiff's assertion in its motion for summary judgment and supporting memorandum of law that the present case is a proper one for summary judgment. Practice Book § 379 provides that "any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgement after the case has been placed on the assignment list or has been assigned for trial." As the plaintiff has noted, the present case has not been assigned for trial, and, therefore, the plaintiff did not need the court's permission to file a motion for summary judgment.
To the extent that this argument by the defendants is a claim that the court lacks subject matter jurisdiction, this issue was raised and disposed of in an amended motion to dismiss filed by the defendants on January 16, 1995 and denied by Thim, J., on February 16, 1995.[4]
Additionally, the defendants' argument that the plaintiff's motion for summary judgment is not proper because the pleadings are not closed between the parties is without merit. Practice Book CT Page 5284-II § 379 was amended effective October 1, 1992 to eliminate the requirement that the pleadings be closed before filing a motion for summary judgment.
The second argument raised by the defendants in opposition to the plaintiff's motion for summary judgment is that the plaintiff breached the contract between the parties by failing to credit/post partial payments sent in January through August of 1993. They do not, however, offer any legal argument or evidence regarding a contractual duty on the part of the plaintiff to accept these partial repayments. See also Centerbank v. Motor InnAssociates, Superior Court at New Haven, Docket No. 335869 (August 2, 1993, Thompson, J., 9 Conn. L. Rptr. 505) (striking the special defense of breach of good faith and fair dealing arising from plaintiff's action of instituting foreclosure action during loan workout discussions with defendant).
The defendants further argue that they failed to receive notice that the plaintiff intended to accelerate the loan as required by the open-end mortgage executed by the defendants.
"Where the question whether proper notice was given depends on the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." Citicorp Mortgage, Inc. v. Porto,41 Conn. App. 598, 602, ___ A.2d ___ (1996).
"It is always competent for parties to contract as to how notice shall be given, unless their contract is in conflict with law or public policy." Stratton v. Abington Mutual Fire Ins. Co.,9 Conn. App. 557, 562, 520 A.2d 617, cert. denied, 203 Conn. 807,525 A.2d 522 (1987). See also Westmoreland v. General AccidentFire Life Assurance Corp., 144 Conn. 265, 271, 129 A.2d 623
(1957).
The open-end mortgage, in relevant part, provides: "[L]ender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by the Mortgage and foreclosure CT Page 5284-JJ or sale of the property." (Plaintiff's Exhibit B, Open End Mortgage ¶ 18).
The open-end mortgage also provides: "[A]ny notice to Borrower provided for in this Mortgage shall be given by certified mail addressed to the Borrower at the Property address or at such other address as Borrower may designate by notice to Lender as provided herein. . . ." (¶ 14).
The plaintiff has provided a copy of the acceleration notice contained in a certified letter from its attorneys addressed to the defendants dated August 23, 1993 that complies with the notice and mailing requirements of ¶ 18 and ¶ 14 as detailed above. The evidence also includes a postal receipt of the certified letter signed by Amin Hasan.
The defendants do not provide any legal or factual argument contesting this evidence aside from their statement that they did not receive notice.
It is therefore evident that the defendants, who have admitted that they are makers of the note and mortgage, have failed to attack successfully the making, validity, or enforcement of the note and open-end mortgage. Accordingly, it is clear that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment on the issue of liability.
The Motion for Summary Judgment (docket entry no. 101) is granted.
WEST, J.