[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 11, 1996, the plaintiff, Calaska Partners, filed a complaint against the defendant, J.F. Enterprises Inc., in an action to foreclose a mortgage from J.F. Enterprises Inc. to the Connecticut Bank and Trust Company, the plaintiff's predecessor. In the complaint, the plaintiff alleges that the defendant has failed to make payments as required under the terms of the Note and, thus, the plaintiff has declared the balance due and payable. The Note is secured by a mortgage deed on property located at 166-168 Bridgeport Avenue, Milford, CT. The mortgage was duly recorded in the Milford Land Records.
On October 9, 1996, the plaintiff filed a motion for summary judgment as to liability accompanied by a memorandum of law. The plaintiff also provided copies of supporting documentary evidence including: the note executed by the defendant, the mortgage deed, the letter of guarantee executed by James Florczak, assignment of the mortgage, and an affidavit from an account manager employed by the plaintiff.
On November 8, 1996, the defendant filed a memorandum of law in objection to the motion for summary judgment. It contends that the plaintiff has breached the implied covenant of good faith, has "unclean hands," is estopped from foreclosing because it agreed to "loan work-out" discussions, and is not acting with commercial reasonableness. CT Page 9734
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence. 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, Superior "Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J., 11 Conn. L. Rptr. 113). "A foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done." Id., citing Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bank of Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). However, the court in FirstFederal v. Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action."
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact regarding the defendants' failure to pay the promissory note pursuant to the terms of the note.
In opposition, the defendant contends that the plaintiff has breached the implied covenant of good faith, has "unclean hands," is estopped from foreclosing because it agreed to "loan work-out" discussions, and is not acting with commercial reasonableness. The defendant does not however offer any legal argument or CT Page 9735 evidence regarding a contractual duty on the part of the plaintiff to conduct loan work out discussions or to accept partial repayments. See v. Motor Inn Associates, Superior Court at New Haven, Docket No. 335869 (August 2, 1993, Thompson, J.,9 Conn. L. Rptr. 505) (striking the special defense of breach of good faith and fair dealing arising from plaintiff's action of instituting foreclosure action during loan workout discussions with defendant).
In conclusion, the defendant has failed to attack the making, validity or enforcement of the note and mortgage. Therefore, there is no material issue of fact as to the defendant's liability. Accordingly, the court grants the plaintiff's motion for summary judgment as to the defendant's liability.
The Court
By CURRAN, J.