[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On November 9, 1995 the plaintiff, State Street Mortgage Company, filed a complaint against the defendants, Angelo Silano, Pietro Silano and Marie Silano, in an action to foreclose a mortgage. In the complaint, the plaintiff alleges the following. On December 4, 1991, Angelo Silano executed a mortgage deed and note to pay the State Street Mortgage Company $81,000. On July 5, 1994, Peter Silano executed a modification, assumption, release and forbearance agreement ("modification agreement"), thereby assuming liability to the plaintiff under the note and mortgage. Marie Silano is in possession of the premises. The plaintiff alleges that the defendants have failed to make payments as required under the terms of the note and modification agreement. Thus, the plaintiff has declared the balance due and payable. The note is secured by a mortgage deed on property located at 207 Broadway, Milford, CT. The mortgage was duly recorded in the Milford Land Records.
On January 16, 1997, the plaintiff filed a motion for summary judgment as to liability accompanied by a memorandum of law. The CT Page 885 plaintiff also provided copies of supporting documentary evidence including: the note and mortgage deed executed by Angelo Silano, the modification, assumption, release and forbearance agreement executed by Peter Silano, Angelo Silano, and Michael L. Goldman, the president of the State Street Mortgage Company.
On January 21, 1997, the defendants filed a memorandum of law in objection to the motion for summary judgment. They contend that the premises are in poor condition and require extensive repairs.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J., 11 Conn. L. Rptr. 113). "A foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done. Id., citing Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bank of Boston Connecticut v. Calabrese,
Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J. ). However, the court in FirstFederal v. Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action." CT Page 886
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact regarding the defendants' failure to pay the promissory note pursuant to the terms of the note and the modification agreement.
In opposition, the defendants contend that the premises are in poor condition and require extensive repairs. The defendants do not, however, offer any legal argument, case law or evidence regarding a contractual duty on the part of the plaintiff to release them from their obligations under the note and the modification agreement because the premises require repairs.
In conclusion, the defendants have failed to attack the making, validity or enforcement of the note and mortgage. Therefore, there is no material issue of fact as to the defendants' liability. Accordingly, the court grants the plaintiff's motion for summary judgment as to the defendants' liability.
The Court
Curran, J.