[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Suzanne L. Conklin instituted this complaint alleging that she was injured while hiking on trails located on property leased by Woodcock Nature Center, Inc. from the State of Connecticut.[1] The fall was said to have occurred as a result of a fallen tree and leaf accumulation that obstructed the hiking trail. The plaintiff claims that the defendant was negligent in failing to exercise reasonable care to protect her by inspecting the premises and removing possible dangers. She also asserts that "the conduct of the defendant in actively promoting the use of its property and facilities for the purpose of hiking and then knowingly failing to maintain the property and the trails in a safe condition . . . or knowingly failing to notify the users of the hazardous conditions thereon constituted a wilful failure to guard or warn against a dangerous condition. . . ."
The defendant filed an amended answer and two special defenses. The first special defense asserts contributory negligence, and the second alleges that the plaintiff's action is barred by the Recreational Land Use Act, Sec. 52-557f et seq. of the General Statutes. After the plaintiff filed her response to the answer and special defenses, the defendant filed a motion for summary judgment. The plaintiff has not filed any opposition documentation.
The following facts are undisputed. On August 23, 1994, while she was hiking on the defendant's hiking trails, Conklin sustained a fall involving a fallen tree that obstructed the hiking trail and had accumulated leaves behind it. Woodcock is a private, non-profit corporation that leases approximately 146 acres of property from the state. The property contains hiking trails which it makes available for the use by the public without charge. On the day of the accident, the plaintiff did not pay a charge, rent, fee or admission price for permission to use the defendant's hiking trials.
"Practice Book § 384 provides that summary judgment shall CT Page 4368 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Muci, 238 Conn. 800, 805-06
(1996).
In the present case, Woodcock has met its burden of demonstrating that there are no material issues of fact in dispute. The material facts have been admitted by Woodcock in its answer and by Conklin in her responses to the defendant's request for admissions.[2] It has also presented an affidavit of its executive director which reiterates many of the facts already established. The plaintiff has not countered with any evidence establishing the existence of a genuine issue of material fact. The court finds, therefore, that there is no material question of fact in dispute, and it must now determine whether the defendant is entitled to judgment in its favor as a matter of law. Doty v.Muci, supra.
The defendant argues that it is immune from liability pursuant to Sec. 52-557g of the General Statutes, the immunity provision of our Recreational Land Use Act (the Act), Sec.52-557f et seq. That act immunizes private landowners from liability for negligence when their premises are available to the public without charge for recreational purposes.[3] See Conway v.Wilton, 238 Conn. 653, 655-56 (1996); Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 168 (1986). In order to come within the purview of Sec. 52-557g (a), the defendant must establish that it is a private owner of land made available to the public without charge for recreational purposes. Conway v.Wilton, supra; Genco v. Connecticut Light Power Co., supra.
To establish that it is immune from liability under the requirements of Sec. 52-557g, the defendant must prove: (1) that the defendant is a private entity; (2) that it is an "owner" of the premises for the purposes of Sec. 52-557g; (3) which makes CT Page 4369 its land available to the public "without charge"; (4) for recreational purposes. The defendant has established first that it is a private, non-profit organization, as opposed to a governmental entity. See Conway v. Wilton, supra, 665. Second, an "owner" for the purposes of Sec. 52-557g is defined in Sec.52-557f (3) as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises. . . ." It is undisputed that the defendant leased the premises in question from the state and therefore falls within the definition of an "owner" under Sec. 52-557f (3). Third, it is also undisputed that the defendant's property was available to the public for recreational use without "charge," which is defined by Sec.52-557f (1) as "the admission price or fee asked in return for invitation or permission to enter or go upon the land," and that the plaintiff did not pay an admission fee to use the defendant's land on the day of her accident.[4] Finally, the undisputed facts establish that Woodcock's property was open to the public for hiking and that Conklin was hiking upon its land at the time of the accident. Hiking is specifically enumerated in Sec.52-557f (4) as a "recreational purpose" for the purposes of Sec.52-557g.
The court is satisfied that Woodcock has met the requirements to establish immunity under § 52-557g (a). Therefore, in accordance with that section, the defendant "owes no duty of care to keep the land . . . safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition . . . on the land to persons entering for recreational purposes." Woodcock, therefore, is entitled to judgment as a matter of law on the plaintiff's claim of negligence.
Conklin also alleges in paragraph 10(a) of the amended complaint, however, that "the conduct of the defendant in actively promoting the use of its property and facilities for the purpose of hiking and then knowingly failing to maintain the property and the trails in a safe condition . . . or knowingly failing to notify the users of the hazardous conditions thereon constituted a wilful failure to guard or warn against a dangerous condition. . . ." Section 52-557h, the exception to the Sec.52-557g immunity provision, provides that: "Nothing in sections52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity . . . ." The defendant contends that the plaintiff's allegation of wilful or malicious conduct must CT Page 4370 fail as a matter of law because the conduct or omission alleged does not rise to the level of wilful or malicious conduct, nor has the plaintiff offered any evidence that the defendant even knew about the fallen tree and leaf accumulation. In addition, the defendant argues that a mere allegation of such wilful or malicious conduct is insufficient to escape the purview of the Act.
The term "wilful" has been established as constituting "intentional conduct designed to injure for which there is no just cause or excuse. . . . Not only the action producing the injury but the resulting injury also must be intentional." (Citations omitted.) Dubay v. Irish, 207 Conn. 518, 533 (1988). "[I]ntent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it." (Alterations in original.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 108
(1994).
Conklin admits in her responses to Woodcock request for admissions that the "hazardous condition" alleged in paragraph 10 (a) consisted of a fallen tree, about 12 to 16 inches in diameter, which was completely across the hiking trail, with an accumulation of leaves at the far side of the tree. She admits further that the "dangerous condition, use or activity" alleged in paragraph 10(a) was the failure of the defendant to maintain the hiking trails free of obstructions and obstacles to progress. Woodcock does not dispute these facts. It asserts, however, and this court agrees, that these facts do not, in and of themselves, raise a question of fact as to whether the defendant's failure to guard or warn was wilful, nor do they, as a matter of law. constitute wilful conduct.
Conklin has not presented any evidence establishing that the defendant knew that the tree had fallen across the hiking trail, that it intentionally failed to remove it or warn the plaintiff of the danger, and intended that she would fall and sustain an injury or believed that it was substantially certain that she would fall and sustain an injury as a result of the fallen tree. Assuming that Woodcock has met its burden of proof, "[i]f the affidavits and the other supporting documents [in opposition to summary judgment] are inadequate, then the court is justified in granting summary judgment. . . ." (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. Heritage CanalCT Page 4371Development Associates, Inc., 33 Conn. App. 563, 567 (1994). As a matter of law, these facts, absent any evidence from the plaintiff establishing that the defendant's failure to warn or guard against the dangers of the fallen tree was wilful or malicious, do not rise to the level of intent required under Sec.52-557h, and that the defendant is entitled to judgment as a matter of law on the plaintiff's claim under Sec. 52-557h.
The motion for summary judgment is, accordingly, granted.
Moraghan, J.