[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'SMOTION FOR SUMMARY JUDGMENT ON LIABILITY
The following facts are not in dispute. The defendant was operating a retail store at 100 North Main Street, Bristol, Connecticut and was open to the general public. On October 28, 1995 at about 3:15 p. m., the plaintiff was a patron upon said premises, at which time she was shown a rolled 9 X 12 rug or carpet by a salesman by the name of George Stepaka. The rug had been laying against a wall and the salesman took the rug and unrolled a portion of it to show the color and texture to the plaintiff. The salesman then attempted to place the rug back on the wall, and immediately thereafter the rug fell towards the plaintiff's head. The plaintiff attempted to avoid being struck by the rug by putting up her right hand. The rug fell towards and onto the plaintiff's right hand causing her injuries. These facts were recited in a statement by the plaintiff, in writing, on October 28, 1995 at the store and neither the salesman, the manager, nor any other employee, agent or associate of the defendant disputed the accounts set forth in said statement. These facts were all admitted in the defendant's Response to Request for Admissions.
STANDARD OF REVIEW:
Pursuant to Connecticut Practice Book Section 384 "summary judgment `shall be rendered forthwith if the pleadings, CT Page 8642 affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law'". Gurliacci v.Mayer, 218 Conn. 531, 561-62 (1991). The purpose of a Summary Judgment procedure is to "attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 375 (1969).
The court must view the evidence in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242,246-47 (1990). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217 (1994). See alsoSuarez v. Dickmont Plastics, 229 Conn. 99, 105, (1994). "A `genuine' issue [of fact] has been variously described as a `triable' `substantial,' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Internal citations omitted). United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 378 (1969). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence". 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567 (1994). A material fact is a fact which will make a difference in the result of the case. Hammerv. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578 (1990).
The court is aware that Connecticut cases generally state that summary judgment is ill-adapted to negligence cases. However, there are situations where summary judgment is proper in a negligence case, at least as to liability, and this is one of them.
The plaintiff contends in her pleadings that the salesman mishandled the rolled rug, improperly stored the rolled rug, was improperly trained in the handling of said rug and failed to give proper and adequate warning to the plaintiff of the falling rug. Defendant claims that these are issues of material fact. However, the court does not find these issues or facts to be material. Rather, the court finds this case rests on the principle of res ipsa loquitur. In Giles v. New Haven,228 Conn. 441, 446-447 (1994) the court stated: "The Doctrine of Res Ipsa Loquitur applies when three conditions are satisfied.'" (1) [t]he CT Page 8643 situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user; (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured . . . . Whether the doctrine applies in a given case is a question of law for the court.
". . . the plaintiff's evidence of the defendant's responsibility need not be irrefutable; rather, the plaintiff need only establish enough evidence that, if credited, presents the defendant's negligence as the most plausible explanation . . . ." Whether res ipsa loquitur applies depends upon whether the defendant's negligence was the most plausible explanation for the plaintiff's injury. The doctrine does not apply if there are other reasonable explanations for the plaintiff's accidental injury."
The defendant has not put forth a counter-affidavit or any evidence to dispute the finding that this court makes of the applicability of res ipsa loquitur. The defendant's memorandum in opposition merely refers to the various allegations of negligence described above, which allegations the court finds are not material because of the applicability of the Doctrine of Res Ipsa Loquitur. There has been no allegation of contributory negligence or any voluntary action by the plaintiff or of any intervening cause. It is clear that the store, the rug and the position of the rug were in the control of the defendant, and the condition causing the injury, namely the falling of the rug, is such that in the ordinary course of events no injury would result unless from the careless construction, inspection or use or user. Clearly there was no negligence on the part of the plaintiff, and the rug was either stored in position improperly or it was returned to its position negligently. There had to be some negligence on the part of the defendant in order for this injury to occur.
Accordingly, the court finds that there is no genuine or material issue of fact, and that the plaintiff is entitled to judgment as a matter of law. The motion for summary judgment as to liability is granted.
Rittenband, J. CT Page 8644