[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13659 RE: MOTION FOR SUMMARY JUDGMENT
This matter comes before the court on defendant's Motion for Summary Judgment.
On or about September 4, 1996, the plaintiff, Edward J. Corrigan, entered into a contract with the defendant, Merrimack Mutual Fire Insurance Company for a fire insurance policy on property located at 29 South Main Street, Jewett City, CT. The policy provided that the defendant would pay to the plaintiff the fair rental value for any loss of rent due to any peril insured against under said policy. The defendant failed to pay the plaintiff $8,400 for loss of rent resulting from a fire loss on March 11, 1997 on the property covered by the policy. The plaintiff filed a complaint on March 10, 1998 seeking judgment for the aforementioned amount. The defendant filed a motion for summary judgment and a memorandum of law in support. The plaintiff filed a memorandum in opposition.
"Practice Book § 384, [now Practice Book (1998 Rev.) § 17-49], provides summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
The defendant argues that the plaintiff's complaint is barred by the one year limitation of action provision in the policy of insurance. In opposition, the plaintiff argues that General Statutes § 52-593a applies to revive the plaintiff's complaint despite the expiration of the contractual filing limitation.[1]
"[A] provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy . . . and such a condition requiring suit to be brought within one year does not operate as a statute of limitations . . . This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contract . . ." (Citation omitted, internal CT Page 13660 quotation marks omitted.) Bocchino v. Nationwide Mutual Fire Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321802 (February 14, 1997, Stevens, J.) (19 CONN. L. RPTR. 154, 155), affirmed, 246 Conn. 378 (1998). "Section 52-593a applies only to limitations provided by law. It does not purport to apply to limitations provided by contract." Sacks Realty Co. v. Newark Ins. Co. 34 Conn. Sup. 564,566, 377 A.2d 858 (1976). See also Pagana v. Allstate Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 345215 June 24, 1994, Hartmere, J.) (12 CONN. L. RPTR. 29, 9 C.S.C.R. 775);Flanders Pha. v. Norfolk Dedham Ins., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 384936 (February 13, 1992, Hennessey, J.) (6 CONN. L. RPTR. 32, 7 C.S.C.R. 324).
In the present case, the one year limitation provision is a limitation governed by contract. General Statutes § 52-593a
does not apply in this instance and, therefore, the statute cannot save this action.
The plaintiff further asserts in his "Objection to Motion for Summary Judgment" that the contract provision containing the filing limitation of one year is a 1988 edition of the policy which has been eliminated by a more current edition of the policy dated April of 1994. The plaintiff, however, submits no evidence to substantiate the existence of a policy which served to amend his prior fire insurance policy.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence."2830 Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc.,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996).
The plaintiff's mere assertion that his policy of insurance was amended is insufficient to establish a genuine issue of fact. The defendant's Motion for Summary Judgment is hereby granted. CT Page 13661
Mihalakos, J.