[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiff, Donna L. Kroll, brought this action against Jack Sebastian, Shirley Sebastian, the Groton Long Point Association, Inc., and Geneva DeLabry as the secretary/clerk of the Groton Long Point Association, Inc. (hereinafter the "defendants") on April 6, 1998. In her amended complaint, the plaintiff alleges that the defendants Jack and Shirley Sebastian, with the approval of the Groton Long Point Association (hereinafter "GLPA"), placed boulders on a strip of land in front CT Page 3866 of their property at 1 East Shore Avenue which also borders the plaintiff's property at 5 East Shore Avenue. According to the plaintiff, the strip of land has "for decades" been used openly, notoriously and continuously for parking by East Shore Avenue homeowners and their guests. The plaintiff alleges that the defendants placement of boulders along this strip of land has interfered with her parking rights which she allegedly acquired through a prescriptive easement pursuant to General Statutes § 47-37.[1] The defendants' revised special defenses assert that the subject strip of land is municipallyowned property held for public use which is immune from prescriptive easement claims. The defendants now move for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452, ___ A.2d ___ (1999). "[T]he trial court must view the evidence in the light most favorable to the nonmoving party. . . . [A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
The defendants move for summary judgment on the single ground that, as a matter of law, the plaintiff cannot obtain a prescriptive easement over land held by municipalities for public use. The plaintiff counters that the subject strip of land was and is for private use only by the members and guests of the GLPA, and therefore, not held for public use. Accordingly, the dispositive issue to this motion is whether there is a genuine of issue of fact as to whether the subject strip of land is held for a public use.
"It is well established that title to realty held in fee by a state or any of its subdivisions for a public use cannot be acquired by adverse possession. . . . A public entity may claim immunity from adverse possession, however, only to the extent that "the property against which a claim has been asserted is held for public use." (Citations omitted; internal quotation marks omitted.) American Trading Real Estate Properties, Inc. v.Trumbull, 215 Conn. 68, 77, 574 A.2d 796 (1990). "[L]and is CT Page 3867 indeed held for public use even when a municipality is not presently making use of the land but is simply holding it for development at some later time. Absent some evidence of municipal intention to abandon its plans for future development of the municipal property, the land is immune from claims of adverse possession. . . . [P]roperty that is held in fee simple ownership by municipalities must be presumed to be held for public use. . . . [T]he party seeking title by adverse possession must bear the burden of rebutting that presumption." Id., 79-80.
In the present case, it is undisputed that the GLPA is a municipal corporation and owns the subject strip of land. The parties dispute, however, whether the subject strip of land is held by the GLPA for a public use. The defendants submit an affidavit from the president of the GLPA, who asserts that the subject strip of land has always been for public use, and the GLPA's intention has been to utilize the subject strip of land for public use. The plaintiff submits her own counter-affidavit wherein she asserts that the subject strip of land has and continues to be private land held only for the use of members and guests of the GLPA. Both parties argue that deposition testimony of various GLPA residents supports their respective positions.
"Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03,663 A.2d 1001 (1995). This court has previously held that "[r]eliance on deposition testimony on a motion for summary judgment is generally inappropriate." Funaro v. Mount Mansfield Co., Superior Court, judicial district of New Haven, Docket No. 318105 (July 15, 1994, Martin, J.) (12 Conn. L. Rptr. 117). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." 2830 Whitney Ave.Corp. v. Heritage Canal Development Associates. Inc.,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). The excerpted transcripts of depositions will therefore not be considered in determining whether a genuine factual issue exists.[2]
The court finds that the plaintiff's affidavit and the affidavit of the president of the GLPA create a genuine issue of material fact as to whether the subject strip of land was, and presently is, held open for public use. However, the plaintiff does not proffer evidence to rebut the assertion by the president of the GLPA that the GLPA "has [recently] considered constructing CT Page 3868 a sidewalk along a portion of East Shore Avenue, as part of its long-term Local Capital Improvement Plan filed with the CT OPM approximately seven years ago. At all times, GLP's intention has been to utilize the land adjoining East Shore Avenue for public use." Affidavit of Raymond S. Munn 6 3. Even if this court were to consider the deposition excerpts proffered by the plaintiff, they do not serve to dispute the defendants assertion that the GLPA intends to develop the subject strip of land for public use. As stated previously, "land is indeed held for public use even when a municipality is not presently making use of the land but is simply holding it for development at some later time." (Emphasis added.) American Trading Real Estate Properties. Inc. v.Trumbull, supra, 215 Conn. 79. The plaintiff has not offered any evidence of "municipal intention to abandon its plans for future development of the municipal property. . . ." Id., 80.
Since the plaintiff has failed to present evidence that the GLPA has abandoned its intention to hold the subject strip of land for public purposes . . . the court must conclude that the plaintiff has failed to rebut the presumption that the GLPA holds the subject strip of land for public use. Cf. Kistler v. Gnazzo,
Superior Court, judicial district of Hartford/New Britain, Docket No. 351677 (November 24, 1992, Parker, J.), aff'd,33 Conn. App. 943, 638 A.2d 1101, cert. denied, 229 Conn. 915,642 A.2d 1209 (1994) (finding plaintiff failed to rebut presumption of public use). Therefore, the GLPA is immune from any claims of adverse possession with respect to the subject strip of land.
The court finds that there is no genuine issue of material fact with respect to the defendant GLPA's intention to develop the subject strip of land for public use, and therefore, as a matter of law, the GLPA is immune from the plaintiff's prescriptive easement claim. Accordingly, the defendants motion for summary judgment is granted.
Martin, J.