[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 120)
The plaintiff, Kenyatta Peterson, brought a two-count complaint against the defendants, U-Haul Co. of Connecticut and Ismael Cruz alleging personal injuries arising from an accident in which Cruz struck Peterson while driving a U-Haul van. On January 6, 2000, The plaintiff filed a motion for an interlocutory summary judgment as to liability only, together with a supporting memorandum of law and affidavit. The defendants filed a memorandum in opposition to the motion together with a police report of the accident. However, they did not file a supporting affidavit.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000)." [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New EnglandTelephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "Hearsay statements are insufficient to contradict facts offered by the moving party. . . ." (Citations omitted.) 2830 Whitney Avenue v. Heritage CanalDevelopment, 33 Conn. App. 563, 568, 636 A.2d 1377 (1994)
The plaintiff argues that there is no genuine issue of material fact as to liability because in Connecticut a violation of a motor vehicle CT Page 9382 statute is negligence per se. The defendants argue that the plaintiff must still prove that Cruz violated a motor vehicle statute. The plaintiff's's affidavit, in avering that "As I was within the intersection, the [defendant's] van suddenly turned left and struck my vehicle" has set forth facts that indicate Cruz violated General Statutes § 14-242 (a).[1] The defendants, on the other hand, have not submitted any facts or evidence that demonstrate the existence of a genuine issue of fact as to whether Cruz violated the statute. Therefore, the plaintiff has met his burden of proof, and the submissions of the defendants are insufficient to overcdme the burden placed on them to submit facts showing the existence of a genuine issue of material fact.
Accordingly, the plaintiff's motion for summary judgment as to liability only is granted.
SKOLNICK, J.