[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT VINCENT J. FLYNN'S MOTION TO STRIKE AFFIDAVIT OF WENDELL HARD (#228.50) DEFENDANT VINCENT J. FLYNN'S MOTION TO STRIKE AFFIDAVIT OF MILTON JACKSON (#229).
CT Page 10108
The plaintiff, Wendell C. Harp ("Harp") has brought this lawsuit alleging racial discrimination and intentional torts against defendants Gary E. King, Lawrence C. Pilcher, Vincent J. Flynn and Regina Rentz. All defendants are or were employees of the Connecticut Housing Finance Authority ("CHFA"). The suit arises out of Harp's relationship with CHFA in connection with his ownership and management of public housing facilities in New Haven, Connecticut.
The defendants have moved for summary judgment. In support of their motion all defendants have filed memoranda and affidavits. Harp objects to summary judgment and has also filed memoranda and an affidavit in opposition. The defendant Vincent J. Flynn ("Flynn") has moved to strike the affidavit of Harp dated March 28, 2000, as well as the affidavit of Milton Jackson ("Jackson") filed in support of Harp's objection to summary judgment. Argument on the motions for summary judgment took place on July 31, 2000. At that time, the other defendants joined in Flynn's motion to strike the two affidavits.[1]
For the reasons set both below, the motions to strike both affidavits are granted. In light of this ruling, the court will not consider the merits of the summary judgment motions until Harp has had a reasonable opportunity to file a substitute affidavit.
 I. Legal Standard
The proper form for affidavits filed in connection with motions for summary judgment is governed by Practice Book § 17-46. That section provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." CT Page 10109
A motion to strike is the proper method to attack a counter-affidavit that does not comply with the rules. 2830 Whitney Avenue Corp. v.Heritage Canal Development Associates. Inc., 33 Conn. App. 563, 569 n. 3 (1994).
Hearsay statements are insufficient to contradict facts offered by the party moving for summary judgment. Id., 568. Likewise, conclusory statements in an affidavit do not constitute evidence sufficient to establish the existence of material facts. Gupta v. New Britain GeneralHospital, 239 Conn. 574, 583 (1996). In addition, speculative evidence cannot serve as a basis for opposition to a motion for summary judgment.
Nolan v. Borkowski, 206 Conn. 495, 507 (1988). As § 17-46 states, the facts set forth in an opposing affidavit must be such as would be admissible in evidence. See also Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202-03 (1995) ("Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment.").
 II Discussion
A. Affidavit of Wendall Harp
Applying the above described legal standard to Harp's March 28, 2000 affidavit, requires that the affidavit be stricken. The affidavit is replete with assertions of fact without any indication as to Harp's basis of knowledge for making the assertions. It also contains conclusory statements as well as evidence that would not be admissible at trial. For example:
1. In paragraph 9, of his affidavit, Harp states:
"Throughout the time that my refinance request was pending at CHFA [March `95 — May `96], and without my knowledge, Mr. Joseph Marsan (CHFA Asset Manager) engaged in the preparation and dissemination of knowingly false statements, correspondence and reports alleging that the physical condition of my properties was so deficient as to constitute an imminent health and safety hazard to tenants and the general public. [Attachment 1]. Mr. Marsan acted with full knowledge, consent and participation of each of the defendants. [Attachment 2] . . ." CT Page 10110
There is no indication in either the affidavit or the attachments of Harp's basis of knowledge for the assertion that Mardan's statements were "knowingly false," or that Marsan's false accusations were with the "full knowledge, consent and participation of each of the defendants." These are conclusory assertions and, as such, not within § 17-46.
2. In paragraph 12 of his affidavit, Harp states:
 "Defendant Regina Rentz is the Internal Auditor who reports directly to defendant Gary King at CHFA . . . Ms. Rentz authored a series of memos (commencing in April, 1995 and concluding in August 1995) that presented erroneous, biased and intentionally misleading information regarding the financial operations of my properties. [Attachments 6, 7 and 8]. Acting in concert with other co-defendants, Rentz's `findings' were distributed to, and the allegations therein were subsequently disseminated to HUD, to the Rockwell management Group Report, and to my co-investors at C.R.H.C. [Attachment 9; and see Attachment 4, above]."
The statement that Rentz's memos presented "erroneous, biased and intentionally misleading information" is conclusory. There is no indication of Harp's basis of knowledge for the statement. The same defect applies to the assertion Rentz acted in consent with other co-defendants to distribute the false findings to HUD and others.
3. In paragraphs 17 and 18 of his affidavit, Harp refers extensively to two so-called "legal strategies" memoranda. This court has ruled that this material is protected by the attorney-client privilege and is therefore confidential. Evidence regarding this material would not be admissible at trial and it is likewise not properly included in an affidavit opposing summary judgment. Practice Book § 17-46.
4. In paragraphs 22, 23, 24, 25 and 26, Harp makes statements regarding the disclosure "false and intentionally misleading" information to Mr. Paul Bass of the New Haven Advocate that was "selectively disparaging in nature" resulting in a "highly derogatory article" published in the New Haven Advocate that was "derived from the information and materials furnished by the defendant Flynn and other as yet unnamed `contact' at CHFA." These statements are conclusory, argumentative and devoid of and articulation of Harp's basis of knowledge for making them. Moreover, the transcript references in the paragraphs do not support the assertions made in the affidavit itself. CT Page 10111
B. Affidavit of Milton Jackson
Jackson's affidavit, dated January 19, 2000, also refers extensively to the legal strategies memoranda that this court has ruled are covered by the attorney-client privilege. The affidavit is therefore not in compliance with Practice Book § 17-46 because it refers to inadmissible evidence. Accordingly, the Jackson affidavit is ordered stricken.
In sum, both the Harp and Jackson affidavits do not comport with the requirements of § 17-46 and are therefore ordered stricken. This order is without prejudice to Harp or Jackson filing a substitute affidavit that complies with the Practice Book within thirty (30) days of the date of this order. The defendants will have fifteen (15) days thereafter to file motions directed at such substitute affidavit(s). Thereafter, the court will resolve any issues regarding the substitute affidavit(s) as well as the motions for summary judgment.
So Ordered at New Haven, Connecticut this day of August, 2000.
Devlin, J.