[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Brian Miele has brought this action against his former lawyer, the defendant Leonard Caine, alleging that the defendant committed malpractice in connection with a criminal case in which the plaintiff was involved. The defendant admits having represented the plaintiff in the criminal case, but denies that the representation fell below the standard of care. The defendant has moved for summary judgment.
The defendant has submitted documents in support of his summary judgment motion, consisting of Requests for Admissions that are deemed to have been admitted under Conn.P.B. § 13-23(a); portions of the criminal case files that were pending against the plaintiff when the alleged malpractice occurred, including the arrest warrants and police CT Page 2579 incident reports; the court transcript of the plea canvass of the plaintiff on these charges; and an affidavit of Attorney Fanol Bojka, the expert witness noticed by the defendant Leonard Caine, who states his opinion that the defendant's representation of the plaintiff met the standards of practice.
The plaintiff opposes summary judgment, but has submitted no additional documentation of any kind, only a duplicate copy of Miele's plea canvass.
The party moving for summary judgment is required to support the motion with supporting documentation, including affidavits, in order to show the absence of any genuine issue of material fact. Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). The party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact through the submission of counteraffidavits and concrete evidence.Pion v. Southern New England Telephone, 44 Conn. App. 657, 663,691 A.2d 1107 (1997); Appleton v. Board of Education, 254 Conn. 205,209, 757 A.2d 1059 (2000).
When a party moves for summary judgment and there are no contradictory affidavits, the court can properly decide the motion by looking only to the sufficiency of the movant's affidavits and other proof HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, supra, 231 Conn. 795. In such a case, if the affidavits and any other supporting documents of the movant's opponent are non-existent or otherwise inadequate, then the court is justified in granting summary judgment, assuming that the movant has met his burden of proof 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377
(1994). Since the defendant in a malpractice action bears no burden of proof, it is incumbent upon the plaintiff in such a case at least to submit sufficient documentation to support a prima facie case. This, the plaintiff has failed to do here.
Accordingly, the defendant is entitled to summary judgment. The Motion for Summary Judgment is granted.
 ___________________ Patty Jenkins Pittman, Judge