[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lawrence Argonese, asserts six of the nine counts in its amended complaint against the defendant, Unifirst Corporation (Unifirst). Unifirst moves for summary judgment as to each of the six counts.
 I
The first count of the amended complaint, dated September 30, 1994, alleges that Argonese began working for Unifirst in June of 1972. On November 8, 1989, Argonese was allegedly injured during the course of his employment. When Argonese was injured, Unifirst was allegedly an employer subject to the provisions of the Workers' Compensation Act (WCA), chapter 568 of the Connecticut General Statutes. As a result of his work-related injury, Argonese allegedly sought and received workers' compensation benefits under the WCA. On August 17, 1990, Argonese was ready to return to work. Unifirst, however, refused to accept Argonese back to work and instead terminated his employment, citing the medical restrictions imposed upon him due to his injury as the reason for termination. Argonese alleges that the true reason that Unifirst refused to accept him back to work was that CT Page 5616 Argonese exercised his rights under the WCA.
In the first count, Argonese alleges that Unifirst's decision to terminate him for exercising his rights under the WCA violated General Statutes § 31-290a. The parties disagree as to the theories of recovery asserted in the second and third counts. Since Unifirst opted to file a motion for summary judgment to challenge the legal sufficiency of the amended complaint, rather than a motion to strike, and as a result of this decision Argonese is deprived of the opportunity to replead, the court construes the second and third counts in the manner most favorable to Argonese, and accepts Argonese's characterization of the theories alleged in the second and third counts. Hence, in the second count, Argonese alleges a common law cause of action for retaliatory discharge. In the third count, Argonese alleges a cause of action under § 31-72 for wages and benefits owed.
The fifth count, as revised by pleading dated November 29, 1994, and the sixth and seventh counts, further allege that Unifirst both self-insured its workers' compensation liability and insured its liability through the CIGNA Insurance Company (CIGNA). Allegedly, under the terms of the CIGNA insurance policy, CIGNA promised to pay workers' compensation benefits to Unifirst's employees in accordance with the requirements of the WCA. For a period of time, allegedly both CIGNA and Unifirst paid Argonese workers' compensation benefits for his work related injury. At some point, however, CIGNA and Unifirst allegedly stopped providing workers' compensation benefits to Argonese, even though Argonese was temporarily disabled from his work related injury and therefore entitled to said benefits pursuant to General Statutes §§ 31-307, 31-308 and 31-308a. The amended complaint alleges that Unifirst intentionally injured Argonese by failing to continue issuing workers' compensation benefits to Argonese even though Unifirst knew or should have known that Argonese was entitled to receive the benefits; by canceling the workers' compensation benefits without sufficient information to release it from its responsibility; by failing to promptly pay Argonese his workers' compensation benefits; by failing to pay for Argonese's medical treatment as required under the WCA; by interfering with Argonese's medical treatment; and by failing to attempt a good faith settlement of Argonese's workers' compensation claim even though liability was reasonably clear. In the fifth count, Argonese claims that Unifirst's conduct breached a duty of good faith and fair dealing owed to Argonese. In the seventh count, Argonese claims that Unifirst's engaged in this CT Page 5617 conduct against workers' compensation claimants with such frequency as to constitute a general unfair insurance claim settlement practice in violation of the Connecticut Unfair Insurance Practice Act (CUIPA), General Statutes § 38a-815. In the ninth count, Argonese claims that Unifirst's unfair insurance practices constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq.
 II
Unifirst moves for summary judgment as to all six counts asserted against it. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (Internal quotation marks omitted.)Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .' (Internal quotation marks omitted.) Id., 745. `The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381.' (Internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). Summary judgment may be granted where the claim is barred by the statute of limitations. See Daily v. New Britain MachineCo., 200 Conn. 562, 566-70, 512 A.2d 893 (1986); Burns v.Hartford Hospital, 192 Conn. 451, 472 A.2d 1257 (1984) (summary judgment affirmed on ground that suit barred by statute of limitations)." Doty v. Mucci, 238 Conn. 800, 805-06, 679 A.2d 945
(1996).
The court concludes that Unifirst has not carried its burden on its motion for summary judgment as to the first count of the amended complaint. An issue of fact exists as to whether Unifirst terminated Argonese because Argonese exercised his rights under the WCA. Whether Argonese is restricted due to his injury, and whether that restriction impacts his ability to perform the duties of his job, are facts to be determined by the factfinder. The court further rejects Unifirst's claim that Argonese was CT Page 5618 required under Public Act 91-32, § 11, to provide Unifirst with notice of his intent to seek compensation for the retaliatory discharge.
As to the second and third counts, the court denies the motion for summary judgment. Unifirst proceeded based upon its reading of the second and third counts. The court, however, construed the second and third counts as alleging a cause of action for retaliatory discharge and a § 31-72 action for wages and benefits owed, respectively. In light of the understandable confusion as to the theory of recovery asserted in the second and third counts, Unifirst's motion was not focused on the correct issue. The question of whether these state law actions are preempted by § 301 of the Labor Relations Management Act,29 U.S.C. § 185; see Lingle v. Norge Division of Magic Chef, Inc.,486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); was not properly addressed. Therefore, the court denies the motion for summary judgment as to the second and third counts, without prejudice.
The motion for summary judgment is granted as to the fifth, seventh, and ninth counts of the amended complaint. These counts are based upon the allegation that Unifirst self-insured their workers' compensation liability. Unifirst's Occupational Safety Risk Manager provided an affidavit wherein he recited facts within his knowledge that establish that Unifirst is not self-insured, nor in the business of insurance. Argonese's claim in his affidavit that he is familiar with the fact that Unifirst is self-insured is not evidence sufficient to create a genuine issue of material fact. Argonese has failed to rebut the facts sworn to in Unifirst's affidavit. "The party opposing a motion for summary judgment `must present evidence that demonstrates the existence of some disputed factual issue. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and document.' (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578-79, 573 A.2d 699 (1990). The opposing party to a motion for summary judgment `must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such issue. . . . The existence of the genuine issue of CT Page 5619 material fact must be demonstrated by counteraffidavits and concrete evidence.' (Citation omitted; internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994)."Pion v. Southern New England Telephone Co., 44 Conn. App. 657, A.2d (1997).
SO ORDERED:
David Skolnick, J. JUDGE OF THE SUPERIOR COURT