[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #149BACKGROUND
In August of 1996, the plaintiff, Swiss Bank Corporation, New York Branch ("Swiss") filed a two count complaint against the defendant, Greenwich American Limited Partnership (GALP) and other various defendants. This foreclosure action arises out of a one hundred five million ($105,000,000.00) dollar note between the plaintiff and defendant GALP secured by a first mortgage on property owned by the defendant GALP.
The plaintiff alleges that (i) GALP has failed to make payment of, and Swiss has accelerated, GALP's obligations which are secured by the mortgage being foreclosed in this action; (ii) the interests of all other defendant-encumbrancers are subordinate to Swiss's mortgage interest; and (iii) the value of CT Page 8356 the premises is substantially less than the mortgage debt. The plaintiff also claims that GALP's "special defenses" do not bar Swiss's right to a judgment of foreclosure.
On February 18, 1997, the plaintiff filed a motion for summary judgment pursuant to Practice Book § 378. The motion is supported by a memorandum of law and by exhibits which include: (1) the verified complaint and its exhibits; (2) Affidavit in Support of Motion for Temporary Injunction 8/27/96; (3) Defendant GALP's Notice of Compliance to Plaintiff's First Request for Admissions; and (4) Defendant GALP's Amended Answer with Special Defenses. The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact with respect to its claim for a judgment of strict foreclosure. The defendant filed an objection to the motion for summary judgment on August 25, 1997. The objection is supported by a memorandum of law, a sworn statement and exhibits which include: (1) an uncertified copy of selected excerpts from deposition.
STANDARD
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969).
"The burden of proof is on the moving party that there is no genuine issue of material fact and the standards of summary judgment are strictly and forcefully applied." Id. "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most CT Page 8357 favorable to the nonmoving party." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Insurance Co. v. Aetna Life Casualty Co.,
supra, 235 Conn. 202-03.
DISCUSSION
The plaintiff claims that the motion for judgment should be granted because the defendant, GALP, in sections 4.01 and 4.08 of the mortgage expressly agreed not to assert any defenses, counterclaims or setoffs in this foreclosure action. Therefore, the plaintiff claims that any defenses, counterclaims or setoffs that the defendant, GALP, has asserted in the present action are improper in this action and should not be considered in this motion. This court does not agree with the plaintiff that sections 4.01 and 4.08 are clear and unambiguous that the defendant, GALP has waived its right to assert any defenses, counterclaims or setoffs in this foreclosure action. The court finds that the trier of fact could reasonably agree with the defendant GALP's assertion that all these sections refer to is a CT Page 8358 promise to make payment and not a waiver of any right to assert defenses, counterclaims or setoffs in a foreclosure action. The court further finds that the language of said sections is not clear and unambiguous. Therefore, the interpretation of said sections is a genuine issue of material fact and should be resolved by the trier of fact.
The motion for summary judgment is denied.
MINTZ, J.