[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(#110)
I. FACTUAL AND PROCEDURAL BACKGROUND
On March 8, 1995, the plaintiff, Henry J. Miller, filed a three count complaint against the defendant, Gerald A. Field, pursuant to General Statutes § 52-592, the accidental failure of suit statute, alleging the right to recover from the defendant CT Page 10917 attorney at law for damages incurred by the plaintiff as a result of the defendant's tortious conduct in connection with the sale of an interest (Unit) in a limited partnership marketed by Colonial Realty (Colonial), now defunct. The first count of the complaint alleges a violation of the Connecticut Uniform Securities Act (CUSA), General Statutes § 36-470 et seq. (transferred and renumbered General Statutes § 36b-2 et seq. in 1995)[1], arising out of the defendant's acceptance of a `finder's fee' from Colonial for the sale of the Unit to the plaintiff without proper registration with the Commissioner of Banking, as required by CUSA. The second count of the complaint alleges that the defendant had represented the plaintiff for many years and continued to represent and advise him at the time of the alleged violation, and breached his fiduciary duty to the plaintiff by failing to disclose to him that the defendant would receive a finder's fee from Colonial for the sale of the Unit to the plaintiff.[2]
The defendant filed an answer and special defenses alleging that each of the plaintiff's claims is barred by the applicable statute of limitations. For the reasons stated below, the motion is granted as to the first count and denied as to the second count.
The plaintiff first commenced this action against the defendant by serving a writ of summons and complaint on November 29, 1993. (Plaintiff's Exhibit A.) After this action was dismissed for insufficiency of service on April 12, 1994, the plaintiff commenced this identical action on March 1, 1995, pursuant to General Statutes § 52-592. The plaintiff alleges that he was a client of the defendant and was represented by him in a number of matters when he sought the defendant's advice about investing a sum of money in a corporation whose organizers were represented by the defendant. Allegedly, the defendant told him that "he had a better deal for him" and referred him to an individual who talked to the plaintiff about investing in a Colonial limited partnership. The defendant, however, failed to disclose that he would be receiving a finder's fee if the plaintiff invested in the partnership. Based on the defendant's recommendation, the plaintiff purchased a Colonial Unit in October, 1989. Colonial and the limited partnership went into bankruptcy approximately one year later, causing the plaintiff to lose his investment. In December of 1991, the defendant, for the first time, informed the plaintiff that he had received a finders' fee from the sale of the Unit at issue. CT Page 10918
The plaintiff further alleges that the Unit sold to him is a, security as defined by General Statutes § 36b-3 (13), and, therefore, the defendant, before selling or offering to sell such security, was required to comply with CUSA which mandates registration with the Commissioner of Banking for any person who transacts business in securities as an agent of a dealer. The defendant, however, allegedly never complied with the registration requirement and thus violated CUSA.
Count two alleges that, as an attorney who represented the plaintiff, the defendant had the duty to disclose that he would receive a finder's fee for recommending that the plaintiff purchase a Colonial Unit. The plaintiff further alleges that the defendant's failure to disclose his financial interest in recommending the purchase deprived the plaintiff of an opportunity to fully evaluate the defendant's recommendation and ultimately resulted in the loss of the plaintiff's investment.
The defendant filed an answer and special defenses alleging that the applicable statute of limitations bars each of the plaintiff's claims. Later, before the plaintiff filed a reply alleging any matters in avoidance of the affirmative allegations in the defendant's special defenses, the defendant filed this motion for summary judgment and a supporting memorandum of law. The defendant moves for summary judgment on the first and second counts of the plaintiff's complaint on the ground that each is barred by the applicable statute of limitations. According to the defendant, the first count is barred because an action brought pursuant to General Statutes § 36b-29 (f) is subject to a two year statute of limitations and the plaintiff's action was commenced more than two years from the date of the sale of the Unit to the plaintiff. The second count, argues the defendant, is also barred because the three year statute of limitations applicable to tort actions expired before the commencement of the original action. The plaintiff filed an objection to the motion for summary judgment and a supporting memorandum of law, and oral argument was had.
II. STANDARD FOR SUMMARY JUDGMENT
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 10919 as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of a genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,
supra, 235 Conn. 202-03; Practice Book § 381.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, CT Page 10920679 A.2d 945 (1996). "Summary judgment is appropriate on statute of limitation grounds when the material facts concerning the statute of limitations are not in dispute. . . ." (Citation omitted; internal quotation marks omitted.) Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). Nevertheless, "summary judgment is [only] proper when the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular statute of limitations."Collum v. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996).
III. DISCUSSION
 A. Count One: Violation of CUSA
The defendant argues that the plaintiff brought the action under General Statutes § 36b-29 and, therefore, the limitations period on the claim for a violation of the registration requirement expired two years from the date of the contract of sale or the contract for investment services.[3]
The defendant argues that, of the limitation periods contained in General Statutes § 36b-29, the one which applies to the present case is the two year limitation applicable to unintentional or negligent misrepresentations. Furthermore, the defendant argues, the plaintiff cannot take advantage of the alternative statute of limitations provided for in General Statutes § 36b-29 (f) (1) (one year/five years), applicable to intentional or fraudulent misrepresentations, because the complaint fails to allege that the defendant's actions were intentional or fraudulent.
In order to determine which of the two periods is applicable to the present action, the court must determine whether the defendant's conduct in connection with the subject sale was intentional or fraudulent. "The intentional withholding of information for the purpose of inducing action has been regarded . . . as equivalent to a fraudulent misrepresentation."Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,407, 456 A.2d 325 (1983). The elements of fraudulent misrepresentation "are that a false representation was made as to a statement of fact, that it was untrue and known by the defendant to be untrue, that it was made to induce the plaintiff to buy the [security], and that [the plaintiff] acted upon the false representation to [his] detriment." Kavarko v. T.J.E.,Inc., 2 Conn. App. 294, 296, 478 A.2d 257 (1984). Furthermore, "mere nondisclosure . . . does not amount to fraud. . . . To CT Page 10921 constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or anoccasion or a circumstance which imposes a duty to speak. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Duksa v. Middletown, 173 Conn. 124, 127, 376 A.2d 1099
(1977).
"The law is well settled in Connecticut that the relationship of attorney and client establishes a fiduciary relationship. "Dunham v. Dunham, 204 Conn. 303, 318, 528 A.2d 1123 (1987). "The relationship between an attorney and his client is highly fiduciary in its nature and of a very delicate, exacting and confidential character, requiring a high degree of fidelity and good faith." Matza v. Matza, 226 Conn. 166, 184, 627 A.2d 414
(1993). "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skills or expertise and is under a duty to represent the interest of the owner." Dunham v. Dunham, supra, 204 Conn. 322. In the present case the defendant and the plaintiff had a fiduciary relationship, and such relationship imposed on the defendant a duty to disclose to the plaintiff all the information that a reasonable person would find material in evaluating the recommendation to buy the particular security at issue.
Furthermore, the plaintiff specifically "asked the defendant if he was receiving any fee or commission from Colonial and the defendant said `no'." I conclude therefore that, because the defendant failed to disclose a material fact known by him under circumstances in which he should have disclosed it, the defendant's action amounts to intentional or fraudulent conduct and, accordingly, the statute of limitations applicable to this claim expired one year from the date when the misrepresentation or fraud is discovered, that is, December, 1992.
The plaintiff alleges that he first became aware of the fact that the defendant had received a finder's fee for referring the plaintiff to Colonial, on or about December 1991, when "the defendant admitted to the plaintiff that he had received a finder's fee from Colonial for sale of the Unit to the plaintiff." Because the original action was brought by the plaintiff on November 29, 1993, eleven months after the expiration of the limitations period, the claim stated in the first count of the complaint is not timely and it must fail.[4]
CT Page 10922
B. Count Two: Breach of Fiduciary Duty
The defendant argues that the second count of the complaint, which alleges a breach of fiduciary duty, is governed by the three year statute or limitations contained in General Statutes § 52-577 which applies to torts and therefore, because this is an occurrence statute, the plaintiff should have brought his action within three years from the date of the action complained of. The defendant argues that action complained of occurred on October 13, 1989, when the defendant denied that he was receiving a fee from Colonial in conjunction with the sale of the Unit to the plaintiff. Because the plaintiff did not bring an action for breach of fiduciary duty within three years from October 13, 1989, the defendant argues that the action is barred. The plaintiff counters that the three year statute of limitations on the breach of fiduciary duty count was tolled by continuing acts of concealment by the defendant. Because the defendant engaged in a continuing course of conduct[5], the plaintiff argues that the statute would not begin to run until that course of conduct was ended, that is, when the defendant disclosed that he had accepted a finder's fee, or December, 1991. Furthermore, the plaintiff argues that, because the defendant fraudulently concealed the cause of action, pursuant to General Statutes §52-595, the three year limitation period did not begin to run until the day of discovery and, consequently, the action is timely.
"The applicability of § 52-595 in the circumstances of this case is, therefore, the dispositive issue. . . . The question before [the court] is whether the plaintiffs have adduced any credible evidence that . . . the defendants fraudulently concealed the existence of the plaintiffs' cause of action."Bartone v. Robert L. Day Co., 232 Conn. 527, 532-533,566 A.2d 221 (1995). In the present case, as stated above, the defendant's conduct was intentional and/or fraudulent within the meaning of the statute because of the duty imposed on the defendant by his attorney-client relationship with the plaintiff and because the defendant denied receiving a fee from Colonial. Therefore, General Statutes § 52-595 applies and tolls the applicable statute of limitations. General Statutes § 52-595 provides that: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." CT Page 10923
The plaintiff did not plead the requisite elements of fraudulent concealment in his complaint, but fairly read, did plead a continuing course of conduct. However, "[w]hile it has been suggested that it might be desirable for the plaintiff to plead sufficient facts necessary to bring the matter within the purview of [§ 52-595], either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, this court has never held this to be a requirement. . . It has been and is the holding of this court that matters in avoidance of the Statute of Limitations need not be pleaded in the complaint but only in response to such a defense properly raised." Ross Realty Corp. v. Surkis, 163 Conn. 388, 392,311 A.2d 74 (1972). "Facts that are not alleged in a complaint may be added to the procedural mix and facts in avoidance of the statutory time limitation of action can be considered in a motion for summary judgment. . . . [W]hen considering a motion for summary judgment, facts in addition to those asserted in the complaint can form the basis for the argument that there is no material fact in dispute that would prevent judgment as a matter of law." Girard v. Weiss, supra, 43 Conn. App. 416-17.
The defendant filed the present motion for summary judgment before the plaintiff filed a reply to the defendant's special defenses alleging the running of the statute of limitations. Because the plaintiff is not required to plead the elements of fraudulent concealment in his complaint and should be afforded an opportunity to reply to a special defense and allege facts in avoidance of the statute of limitations, a motion for summary judgment is premature as to this issue at this stage of the proceedings. I conclude that the defendant has failed to carry his burden of demonstrating "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995). This case presents a genuine issue of fact with respect to the tolling of the applicable statute of limitations either under the continuing course of conduct or fraudulent concealment doctrines and, therefore, the motion for summary judgment fails as to the second count of the complaint.
CONCLUSION
CT Page 10924
For the reasons above stated, the defendant's motion for summary judgment is granted as to count one and denied as to count two.
Teller, J.