[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'SMOTION FOR SUMMARY JUDGMENT (#119)
The defendant moves for summary judgment on the ground that the plaintiff's four count complaint, alleging causes of action for misappropriation of trade secrets, fraud, a CUTPA violation, and abuse of process, is barred by the applicable statute of limitations.
For the reasons below stated, the motion is denied.
I. FACTUAL AND PROCEDURAL HISTORY
This action arises out of the defendants alleged misappropriation of plaintiff's trade secrets during deposition (Wilkenloh deposition) and the subsequent wrongful use of this information by the defendant in the bringing of a patent infringement suit against the plaintiff. In a four count complaint, the plaintiff, Times Fiber Communications, Inc. (Times Fiber), alleges that the defendant, Trilogy Communications, Inc. ("Trilogy"), was previously a defendant in a patent infringement suit commenced by a company named Comm Scope, Inc. in the United States District Court for the district of New Jersey (the "New Jersey action"). To preserve the confidentiality of information provided during the course of discovery, the parties to the New Jersey action entered into a protective order which precluded the parties and their representatives from using any information obtained during that litigation for any purpose other than one related to the New Jersey action. The parties to the New Jersey action reached a settlement agreement before the Wilkenloh deposition was taken, and formalized the settlement shortly after.
The plaintiff alleges that, despite the existence of an CT Page 12693 agreement between the parties to settle the New Jersey action, the defendant insisted on proceeding with the Wilkenloh deposition. Wilkenloh, the plaintiff's current director of engineering, was ostensibly deposed in the New Jersey litigation because he was a former employee of Comm Scope and the inventor of the patent at issue in that action. The plaintiff claims that the defendant's purpose in taking the Wilkenloh deposition was pretextual, and designed not to obtain information relevant to the New Jersey action, which had already been substantially settled in principle, but rather to procure confidential information about the plaintiff's coaxial cable manufacturing processes for the purpose of bringing a patent infringement suit against the plaintiff. The defendant instituted such a suit against the plaintiff in the United States District Court for the Southern District of Mississippi (the "Mississippi action"). The plaintiff alleges that the actions of the defendant were wrongful because the information was acquired for an improper purpose and used in violation of the New Jersey protective order.
Count one of the complaint alleges misappropriation of trade secrets in violation of General Statutes § 35-51(b)(2)(B) (ii). Count two of the complaint alleges fraud by the defendant in inducing Wilkenloh to reveal trade secrets under the false assurance that the information would not be used for any purpose other than the New Jersey litigation. Count three of the complaint alleges that the defendant's actions constitute unfair or deceptive practices in the conduct of a business in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Count four of the complaint alleges abuse of process on the basis that the defendant utilized the discovery procedures in the New Jersey action to accomplish a purpose for which they were not designed: a pretext to obtain trade secrets from the plaintiff.
The defendant filed an answer and special defenses in which it alleges that the plaintiff's action is barred by (1) the doctrine of laches and (2) by the applicable statute of limitations. The defendant filed its motion for summary judgment with a supporting memorandum of law and exhibits, and the plaintiff filed a memorandum in opposition and exhibits.
II. STANDARD FOR SUMMARY JUDGMENT
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other CT Page 12694 proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id.,
752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994).
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). "Summary judgment is appropriate on statute of limitation grounds when the material facts concerning the statute of limitations are not in dispute. . . ." (Citation omitted; internal quotation marks omitted.) Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "[S]ummary judgment is proper when the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period. . . ." Collumv. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996). CT Page 12695
III. DISCUSSION
 A. Count One: Misappropriation of Trade Secrets
Trilogy argues that count one of the plaintiff's complaint is barred by the statute of limitations, General Statutes §35-56,[1] because the present action was not commenced until July 21, 1995, and that the plaintiff should have discovered that its trade secrets had been misappropriated either (1) on April 4 and 5, 1991, when the Wilkenloh deposition was taken; or (2) on September 21, 1991, the date on which the Mississippi action, allegedly founded on the misappropriated information, was instituted. The plaintiff counters that there are genuine issues of fact with respect to when the plaintiff should have reasonably discovered the defendant's violation of the New Jersey protective order and resultant misappropriation.[2] Specifically, the plaintiff argues that information suggesting that trade secrets disclosed during the Wilkenloh deposition were used as the basis for the Mississippi action did not come to the plaintiff's attention until May 20, 1993, after the defendant, in response to plaintiff's requests for documents, identified the Wilkenloh deposition as one of the bases for the defendant's decision to commence the Mississippi action. Even then, however, the plaintiff argues that the plaintiff could not have reasonably discovered the misappropriation because the defendant, referring to the Wilkenloh deposition, disclosed in the Mississippi discovery proceedings, that it had been taken in yet another action involving Comm Scope and brought by the defendant in the United States District Court for the Western District of South Carolina. The plaintiff argues that this misdirection precluded the plaintiff from discovering the present cause of action until February 15, 1995, when the defendant was compelled by court order in Mississippi to disclose a memorandum containing the correct information.
A claim for misappropriation of trade secrets is governed by the statute of limitations set forth in General Statutes §35-56, which has not yet been interpreted by a Connecticut court but is worded similarly to General Statutes § 52-584, a statute of limitations governing medical malpractice.[3] In interpreting General Statutes § 52-584, our Supreme Court held that "[a] cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he had been injured but also that his injury may have been caused by the defendant's wrongful CT Page 12696 conduct. . . . [Therefore] the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." (Citation omitted; emphasis in original; internal quotation marks omitted.) Catz v. Rubinstein, 201 Conn. 39, 47,513 A.2d 98 (1986). It appears that the plaintiff, prior to the disclosure identifying the Wilkenloh deposition testimony as the basis for the current lawsuit, was reasonably prevented from discovering that its proprietary information had been misappropriated because of the existence of, and its reliance upon, the New Jersey protective order. Absent any evidence that the plaintiff knew or should have known that the defendant deliberately disregarded a court order, the plaintiff was justified in placing reasonable reliance on the protection afforded by the New Jersey protective order. On May 20, 1993, the defendant first identified the Wilkenloh deposition as the source of information used for the Mississippi litigation. Therefore, it is evident that a genuine issue of material fact exists, that is, whether by the exercise of reasonable care, the plaintiff should have discovered the misappropriation on May 20, 1993 or earlier, as the defendant contends. Because the plaintiff commenced the present action on July 21, 1995, within three years of May 20, 1993, I conclude that the action is timely and the motion for summary judgment fails as to the first count, and is denied.
 B. Count Two: Fraud; and Count Four: Abuse of process
The defendant argues that the second and fourth counts are barred by the applicable statute of limitations, General Statutes § 52-577[4] because the action was not brought within three years after the Wilkenloh deposition, when the alleged wrongful act and the abuse of process occurred. The plaintiff counters that the defendant maintained a continuous course of tortious conduct and fraudulently concealed from the plaintiff its cause of action thereby tolling the statute of limitations.
It is well settled in Connecticut that "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed."Sanborn v. Greenwald, 39 Conn. App. 289, 295, 664 A.2d 803
(1995). "[I]n order to support a finding of a continuous course of conduct that may toll the statute of limitations, there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty CT Page 12697 must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [the Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. (Internal quotation marks omitted.) Blanchette v. Barrette,229 Conn. 256, 275, 640 A.2d 74 (1994). "[A] party has the duty to obey a court order however erroneous the action of the court may be." (Emphasis added; internal quotation marks omitted.)Mullholand v. Mullholand, 229 Conn. 643, 649, 643 A.2d 246. In the present case the existence of the New Jersey protective order imposed on the defendant the duty to keep the information gained through the Wilkenloh deposition confidential and to refrain from using it in violation of the order's mandate. This duty is further evidenced by the representations and assurances, made to the plaintiff's attorneys by the defendant's attorneys during the Wilkenloh deposition, that the terms of the protective order would be honored. Although the parties to this litigation are in vigorous competition in the market place, it must be remembered that the actions complained of here have a genesis in the actions of attorneys, who are held to a standard of ethics higher than those of the market place. I conclude that the duty imposed on the defendant and its attorney by the protective order here is sufficient to demonstrate the existence of a genuine issue of material fact as to whether there was a continuing course of conduct by defendant which tolled the statute of limitations. Accordingly, the motion for summary judgment as to counts two and four fails and is denied.[5]
C. Count Three: CUTPA Violation.
Trilogy argues that the plaintiff's CUTPA claim is barred by the applicable statute of limitations, General Statutes §42-110g(f).[6] Because General Statutes § 42-110g(f) runs from the occurrence of a violation rather than from the discovery of the wrongful conduct and because the allegedly wrongful act occurred during the Wilkenloh deposition, taken on April 4 and 5, 1991, argues the defendant, the plaintiffs action, commenced on July 21, 1995, is untimely. The plaintiff counters that the statute of limitations on the CUTPA claim was tolled by the defendant's continuing course of conduct and acts of fraudulent concealment. CT Page 12698
It is settled that acts of fraudulent concealment do not toll the statute of limitations applicable to a CUTPA violation. SeeFichera v. Mine Hill Corp., 207 Conn. 204, 216, 541 A.2d 472
(1988). A continuing course of conduct, however, tolls the statute of limitations on claims based on a violation of CUTPA. See Connecticut Bank Trust Co., N.A. v. Reckert,33 Conn. App. 702, 713, 638 A.2d 44; S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan And King, P.C., 32 Conn. App. 786, 793,631 A.2d 340 (1993); Fichera v. Mine Hill Corp., supra,207 Conn. 208. As stated in part IIIB of this opinion, the circumstances in this case present a genuine issue of material fact as to whether the defendant's actions constituted a continuing course of conduct, thus tolling the statute of limitations on the plaintiff's CUTPA claim. Accordingly, the defendant's motion for summary judgment fails as to third count of the plaintiffs complaint, and is denied.
IV. CONCLUSION
For the reasons stated, the defendant's motion for summary judgment is denied.
Teller, J.