[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Parkway Realty Associates, filed this claim in two counts to collect unpaid rent due under a lease from the defendants, Northeast Financial Management Associates, the tenant, and James R. Crozier and Jeffrey L. Coulson, as personal guarantors of the lease. The plaintiff moves for summary judgment as to liability only, submitting in support the defendants' judicial admissions in their answer and response to the plaintiff's request for admissions, and an affidavit of David Hotchkiss, the principal of Parkway Realty Associates. The defendants claim that there are questions of material fact concerning whether the tenant notified the landlord of its intent to vacate a portion of the premises, which would affect the total amount of rent due, and concerning offsets and claims for utility payments, submitting in support an affidavit of James R. Crozier attesting to those facts.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). A summary judgment may be rendered on the issue of liability; a hearing in damages is then held to resolve any questions concerning the amount of damages. Practice Book § 385.
"As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co.of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "The existence of the genuine issue of material fact must be CT Page 1884 demonstrated by counter affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563. 567, 636 A.2d 1377 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material act . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 255, 654 A.2d 748 (1995).
There is no dispute that the defendants entered into a lease on or about October 7, 1993, with the plaintiff's predecessor in interest, Wilbur Cross Commons Partnership, for the premises known as units 2-102 and 2-205 located at 60 Connolly Parkway in Hamden, Connecticut, which took effect on November 1, 1993, for a term of two years, with provisions for late fees and utility payments. It also had a provision that unless either party gave notice to terminate within 30 days of the end of the term, it would automatically be renewed for another year under the same terms. The facts of the lease agreement are admitted by the defendants in their response to the plaintiff's request for admission filed on June 20, 1997. According to the affidavit of David Hotchkiss, the plaintiff acquired the property from Wilbur Cross Commons Partnership on February 1, 1996, at which time it was assigned the right, title and interest in and to the lease. The affidavit also states that neither party has terminated the lease, and that the defendants have not made timely or complete rental payments since November 1, 1995.
The defendant dispute the claim that they did not terminate at least a portion of the lease, submitting a letter from Jeffrey Coulson dated October 4, 1995, concerning the extension of the lease and new payment terms, which indicated that the tenant would be vacating that portion of the premises identified as 2-205. In an affidavit, James Crozier testifies that this letter was sent and that the amended answer reflects this claim. The defendants offer this as evidence that the plaintiff has misapplied rental payments towards late charges and non-individually metered utilities, thereby artificially increasing its claim against the defendants.
"A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case."United Oil Co. v. Urban Development Commission, 158 Conn. 364, CT Page 1885 379, 260 A.2d 596 (1969). None of the issues raised by the defendants as being in dispute raise any question regarding their liability under the lease or counter the affidavit submitted by the plaintiff. The defendants offer no evidence that they have not failed to make complete and timely payments under the lease. The disputed issues they raise — the proper amount of monthly rental payments and utility charges — are not material to the question of liability, only to the amount of damages.
Because the defendants have not submitted any evidence to effectively dispute the plaintiff's evidence that they are in breach of the lease, the motion for summary judgment as to liability only is granted.
Howard F. Zoarski Judge Trial Referee