[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AT TO COUNT FIVE OF THE COMPLAINT
On or about April 4, 1997 the plaintiffs filed a complaint against defendants Kathy Green (Green) and the Village For Children and Families, Inc. (Village) alleging that Tifarah Chambers, a minor, was placed by her mother, Sheryl Chambers, under the care of Green at Green's in-home childrens' daycare facility which is licensed by the State of Connecticut and that Tifarah allegedly broke her arm on or about April 9, 1994.
The return day of the complaint is May 6, 1997.
Count five of the complaint, which is the only count that pertains to the defendant, alleges that the Village owed a duty to the plaintiffs to provide reasonable, proper and safe care to Tifarah and that this duty arose pursuant to a third party beneficiary contract between the Village and plaintiffs that arose pursuant to a contract between the Village and Green and that the Village breached its duty to the plaintiffs in a number of ways outlined in said count.
On February 2, 1998 the defendant filed a motion for summary judgment as to count five.
On March 19, 1998 the plaintiffs filed an objection to the motion for summary judgment. Each party filed appropriate memoranda of law, affidavits and exhibits consisting of the appropriate contracts.
Practice Book Section 17-49 provides that a summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805
CT Page 12163 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way". Miller v. UnitedTechnologies Corporation, 233 Conn. 732, 751 (1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752 "a `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Home Insurance Company v. Aetna Life Casualty Company,235 Conn. 185, 202 (1995). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . ." Id. "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, 33 Conn. App. 563, 567 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." Id. 569. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Miller v. UnitedTechnologies Corp. , supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in the original) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Insurance Companyv. Aetna Life and Casualty Company, supra, 235 Conn. 202-03; Practice Book Section 17-46.
The defendant in its motion for summary judgment raises two issues. First, the plaintiffs' claim is untimely and barred by Connecticut General Statute Section 52-584, the tort statute of limitations and second, that the facts demonstrate that as a matter of law the plaintiffs do not have a third party beneficiary contractual relationship with the Village and therefore, lack standing to raise a breach of contract claim. The plaintiffs maintain that their breach of contract claim is timely and they do have standing to bring such a claim. CT Page 12164
While some of the allegations of the plaintiffs' complaint are similar to those which they might also have alleged had they brought a cause of action for negligence, they have, in the opinion of the court, clearly stated a cause of action for breach of contract as a third party beneficiary.
By pointing out some of the language of the contract between the Village and Green and the City of Hartford and the Village they have produced sufficient evidence to raise a genuine issue of material fact i.e. whether or not the contract between Green and the Village was "intended" for the benefit of the minor daughter.
The court therefore denies the motion for summary judgment.
ROBERT J. HALE, STATE JUDGE REFEREE