[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 23, 1999, the pro se plaintiff, Luba Hill, commenced this legal malpractice action with 289 counts, by service of process on various defendants[1] including the only remaining defendant, the estate of the decedent, Sue L. Wise.[2] The plaintiff seeks to hold the estate of the decedent liable for the acts of the decedent's former law partner, John Williams. On October 13, 1999, the plaintiff filed a second amended complaint alleging the following pertinent facts: On March 27, 1993, the plaintiff hired Williams to represent her in a divorce and custody action against her former husband, and in a legal malpractice action against her former divorce attorney. The plaintiff fired Williams as her attorney on February 6, 1995. In a prior decision in this action, the court, Mintz, J., grouped the plaintiff's 289 counts into the following causes of action for the purposes of brevity and a greater understanding of the plaintiff's claims: intentional infliction of emotional distress;[3] legal malpractice;[4] recklessness;[5]
negligence;[6] and sexual misconduct.[7] See Hill v. Williams,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 171167 (May 31, 2001, Mintz, J.). For similar reasons, this court will utilize these groups.
On March 15, 2000, the defendant filed its answer and special defenses to the plaintiff's second amended complaint. The defendant, in its first special defense, claims that the plaintiff's causes of action are barred by the statute of limitations. Previously, on April 4, 2000, the defendant moved for summary judgment on the ground that the plaintiff's claims against it were untimely pursuant to General Statutes § 45a-375
(c)[8] because the plaintiff failed to commence her suit within two years of the decedent's death.
On April 24, 2000, the court, Mintz, J., entered an order denying the CT Page 456 defendant's motion for summary judgment. The court stated that the defendant "presented no evidence that the appropriate newspaper published notice of the decedent's death and appointment of the defendant as fiduciary of her estate in accordance wit General Statutes § 45a-354. Consequently, a genuine issue of material fact exists as to whether the plaintiff had proper notification of the decedent's death. Accordingly, the court denies the defendant's motion for summary judgment." Hill v.Williams, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 171167 (April 24, 2000, Mintz, J.).
On May 15, 2000, the defendant filed a motion for reconsideration of the court's order denying its motion for summary judgment and for leave to supplement the record. On May 17, 2000, the court, Mintz, J., denied the motion without prejudice. In so doing, the court expressly stated that "the defendant may file a new motion for summary judgment."
Consequently, on July 27, 2001, the defendant filed the present motion for summary judgment on the grounds that the plaintiff's causes of action are time barred by the applicable limitations period and because the plaintiff did not present her claims against it within two years of the decedent's death as required by § 45a-375 (c). In support of its motion, the defendant filed a memorandum of law as well as four exhibits, including a sworn affidavit by Leonard Orland, the administrator of the decedent's estate. The plaintiff filed an objection to the defendant's motion for summary judgment on August 6, 2001.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendant argues that the plaintiff's causes of action against it fail because on May 31, 2001, this court, Mintz, J., granted summary judgment in favor of Williams as to all counts of the plaintiff's complaint. The defendant argues that because the plaintiff could not CT Page 457 maintain the action against Williams, and because the causes of action the plaintiff asserts against the defendant are identical, it necessarily follows that the plaintiff cannot maintain her action against the defendant. In opposition, the plaintiff argues, among other things,[9]
that the administrator was aware of her claim before March of 1999 and that she never had notice of the plaintiff's death.
First, the court notes that "[a]lthough we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Internal quotation marks omitted.) In Re Ashley S., 61 Conn. App. 658, 659 n. 2,769 A.2d 718, cert. denied, 255 Conn. 950, 769 A.2d 61 (2001). The court will not, however, "entirely disregard the established rules of procedure, adherence to which is necessary in order that . . . the real issues in controversy may be presented and determined." (Internal quotation marks omitted.) Swenson v. Dittner, 183 Conn. 289, 295, n. 3,439 A.2d 334 (1981). The Connecticut Supreme Court "has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." ConservationCommission v. Price, 193 Conn. 414, 421 n. 4, 479 A.2d 187 (1984).
Pursuant to § 45a-375 (c), no cause of action may be commenced against an estate of a decedent, unless it is brought "(1) two years from the date of the decedent's death or (2) the date upon which the statute of limitations applicable to such claim, including any period of limitation established pursuant to section 45a-357, would otherwise have expired, whichever shall first occur." (Emphasis added.) This court will first look to whether the applicable statutes of limitations have run on the plaintiff's individual causes of action.
In the previous decision, the court, Mintz, J., determined that the plaintiff's causes of action for intentional infliction of emotional distress, legal malpractice, recklessness, negligence, and sexual misconduct against Williams are all time barred by their applicable statute of limitations. Hill v. Williams, supra, Superior Court, Docket No. 171167 (May 31, 2001, Mintz, J.). The causes of action the plaintiff asserts against the remaining defendant involve the same facts and dates. Therefore, this court adopts the reasoning of its previous decision in which the court found that the applicable statute of limitations had run on the plaintiff's claims for intentional infliction of emotional distress;[10] legal malpractice;[11] recklessness;[12]
negligence;[13] and sexual misconduct.[14]
Alternatively, all of the plaintiff's causes of action against the CT Page 458 defendant are barred because they were not brought within two years of the date of the decedent's death as required by § 45a-375 (c).[15]
It is undisputed that the decedent died on December 5, 1995. Therefore, in order to make a timely claim against the defendant, the plaintiff was required, as a matter of law to notify the estate of her intent to do so on or before December 5, 1997. The defendant submitted an affidavit from the administrator in which he attests that at no time prior to December 5, 1997, was he notified by the plaintiff that she was asserting a claim against the defendant. He attests further that he first learned of the plaintiff's claim against the defendant when he received a copy of the writ, summons and complaint in this litigation in March, 1999, from the Probate Court for the district of New Haven. That date is more than two years beyond the date of the decedent's death.
Although the plaintiff alleges that the administrator had notice of her claim before March of 1999, she fails to submit any evidence in support of this allegation as is required by the Connecticut Practice Book, § 17-45.[16] When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof" 2830 Whitney Avenue Corporation v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377
(1994). Therefore, based on the evidence before this court, there are no material facts in dispute as to whether the administrator had knowledge of the plaintiff's claim.
The plaintiff also alleges that she never received notice of the decedent's death. General Statutes § 45a-354 (a) provides that "[t]he Court of Probate shall cause newspaper notice to be published at least once notifying all persons having claims to present their claims to the fiduciary. Newspaper notice shall be made within fourteen days after the appointment of the first fiduciary. Such notice shall state: (1) The name of the fiduciary and the address at which claims should be presented: (2) that persons with claims should promptly present those claims to the fiduciary; and (3) that failure to promptly present any such claim may result in the loss of rights to recover on such claim."
In this case, the evidence indicates that on December 19, 1995, the Probate Court for the district of New Haven, Keyes, J., named Leonard Orland the administrator of the decedent's estate. The evidence also shows that on December 26, 1995, a notice was published in the New Haven Register stating the following: "Notice to Creditors. Estate of WISE, SUE CT Page 459 L. The Hon. John A. Keyes, Judge of the Court of Probate, District of New Haven at a hearing held on December 19th 1995 ordered that all claims must be presented to the fiduciary at the address below. Failure to promptly present any such claim may result in the loss of rights to recover on such claim. Lousie DeLaurentis, Ass't Clerk. The fiduciary is: Leonard H. Orland, do David N.Rosen, Esq., 400 Orange St., New Haven, CT 06811." This court finds that such notice meets the requirements of § 45a-354 (a). Thus, there is no question of material fact as to whether or not the plaintiff had notice of the decedent's death.
Accordingly, the defendant's motion for summary judgment is granted because there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law.
So Ordered.
D'ANDREA, J.T.R.