[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#138)
The Defendant, Connecticut Housing Finance Authority (CHFA) moves for summary judgment as against the claims set forth in the Plaintiff, Hat City Ltd.'s (Hat City), Amended Complaint dated May 12, 1999.
The Plaintiff, Hat City Commons Limited Partnership's (Hat City's), three count Amended Complaint alleges in the first count thereof, negligence arising out of CHFA's failure to properly review Hat City's application for certain construction financing. The second count thereof sounds in recklessness and asserts that the failure of CHFA to timely and properly review review Hat City's application for certain construction financing was ". . . willful, wanton and in reckless disregard . . ." of the Plaintiffs rights. The third count of the Amended Complaint alleges detrimental reliance by Hat City on the "false representations" that were made by CHFA in connection with its review of Hat City's application for the said construction financing.
The Defendant argues that summary judgment should enter first because Hat City has failed to allege or establish that CHFA owed any duty to Hat City as would be necessary to support a cause of action in negligence, recklessness or negligent misrepresentation. If there was any such duty, claims CHFA, it was a public duty and CHFA's financing activities were by their very nature, discretionary. CHFA further claims that summary judgment should enter because all of Hat City's claims are barred by the applicable statutes of limitations.
As regards the third count of the Amended Complaint sounding in negligent misrepresentation, CHFA claims that it is entitled to summary judgment as a matter of law because Hat City has failed to: specify the statement it contends was fraudulent; identify the person who made the statement; identify where and when the statement was made; and explain why the statement is fraudulent.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together CT Page 691 with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986), quoting from United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379, 260 A.2d 596 (1969).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 796, 653 A.2d 122 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof" (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof" HeymanAssociates No. I v. Insurance Co. of Pennsylvania, supra, 231 Conn. 795.
In the instant matter, CHFA has supported its Motion for Summary Judgment by submitting an affidavit from Russell F. Bjorkland who is identified as CHFA's Senior Mortgage Underwriting Officer. Mr. Bjorkland's Affidavit is replete with documentary evidence in support of the contentions set forth in the Motion for Summary Judgment.
Hat City has offered one counter-affidavit dated May 5, 1999 from Richard Horrigan, Managing Partner of Hat City. In that affidavit Mr. Horrigan merely states that he is familiar with the allegations set forth CT Page 692 in the earlier filed October 17, 1997 Revised Complaint and that he has had significant contact with the Defendant, CHFA. Attached to the counter-affidavit of Mr. Horrigan are copies of Mr. horrigan's, [Horrigan's], response to certain interrogatories and a copy of one page from CHFA's Developer's Guide.
The facts underlying the dispute between the Plaintiff, Hat City, and the Defendant, CHFA, are not genuinely at issue. The Defendant CHFA notes that in February of 1989, Hat City submitted an application with CHFA for certain construction financing. In April of 1989, Hat City notified CHFA that it (Hat City) had dropped its option to purchase the premises for which it was seeking the construction financing. In May of 1990, Hat City advised CHFA that it was again actively pursuing development of the subject premises and sought renewal of its financing application. By letter dated April 12, 1993, CHFA advised Hat City that certain additional information was required by CHFA to continue processing the financing application and that the processing of the application was subject to CHFA underwriting standards. On April 21, 1993 CHFA advised Prudential Securities, a sponsor of the financing application, that the processing of the application was on a "fast track" but that no financing approval had yet been given by CHFA. On November 10, 1993 CHFA advised Hat City that certain items "remain outstanding to evaluate the mortgage underwriting request." On November 29, 1993 CHFA advised Hat City that the information requested in the November 10, 1993 letter had still not been received and that it had to be received by December 6, 1993 in order for the application to be considered by CHFA at its December meeting. Subsequent letters from CHFA to Hat City on January 10 and January 28, 1994 advised Hat City that the information requested in the November 10, 1993 letter were still outstanding. By letters dated May 19, 1994, August 1, 1994, and August 11, 1994, CHFA advised Hat City of remaining issues regarding the application that still required resolution. On October 4, 1994 CHFA advised Hat City that its application had been declined by the Loan Review Committee and that there were outstanding issues that prevented the application from being submitted to the Mortgage Committee of the Board of Directors of CHFA. Finally, by letter dated November 10, 1994, CHFA advised Hat City that CHFA was no longer processing the loan application and further advised that any further consideration would require a new application and conformity with CHFA's revised underwriting procedures. These are the essential, undisputed facts that give rise to Hat City's claim that CHFA negligently or recklessly failed to properly and timely process Hat City's application for construction financing and upon which Hat City relies in its claim for negligent misrepresentation as is set forth in the Third Count of the Amended Complaint.
Although CHFA did, in an April 23, 1993 letter to Prudential Securities, an apparent sponsor of the Hat City development, indicate CT Page 693 that CHFA was "moving to complete the processing on a fast track and to present the proposal to (CHFA's) Board of Directors for consideration," that statement cannot be considered fraudulent or a negligent misrepresentation in light of the subsequent history of the proceedings between the parties. Subsequent to the making of the statement in the April 23, 1993 letter, there were clearly several more communications to Hat City outlining what had to be done by Hat City before the financing application could be granted. The Court agrees with the Defendant's analysis of the negligent misrepresentation claim and grants summary judgment as to the Third Count of the Amended Complaint.
As regards the first and second count of the Amended Complaint sounding in negligence and reckless and wanton conduct respectively, the Court notes that "The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes.Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "The existence of a duty is a question of law. . . ." Gazo v. Stamford, 255 Conn. 245, 250,765 A.2d 505 (2001). The Defendant here claims that it owed no "duty" to the Plaintiff Hat City and that summary judgment should therefore enter as against the First and Second Counts of the Amended Complaint.
CHFA argues that negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform. There has been no satisfactory showing here of a statutory, contractual or other duty for CHFA to process a loan application within a specified period of time. There is no genuine issue of material fact here that CHFA processed Hat City's financing application and, in the exercise of its discretion, ultimately denied it. Because there is no duty there can be no action premised upon the breach of a duty under these facts. To allow the Plaintiff to prevail on a claim such as this would essentially eliminate the discretion of CHFA to deny any loan application. Accordingly, summary judgment shall enter on the negligence count and the reckless count which asserts the same conduct on the part of CHFA as the basis for said claim of recklessness.
Because the Court has granted the Motion for Summary Judgment as to all three counts of the Amended Complaint for the reasons stated herein, the Court has not addressed the Defendant's claims with respect to the statute of limitations. CT Page 694
The Motion for Summary Judgment is granted.
BY THE COURT
CARROLL, J.