[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One of the several defendants in the above captioned case, Metro-North Commuter Railroad Company (Metro-North), has filed motion #154 for summary judgment. This action involves a fall at the Transportation Center in the city of Stamford. The plaintiff, Pauline Finkelstein,[1]
filed an amended complaint dated May 12, 2000, in which she alleges that while "walking on the sidewalk located on the east bound side of the train station, she was caused to trip and fall on the uneven surface of said sidewalk." Although claiming that her allegations against the other defendants, the Connecticut Department of Transportation (CDOT),[2] and the city of Stamford,[3] were based on the defective highway statutes, she described her suit against Metro-North as based on common law negligence.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation and actual injury." RKConstructors, Inc. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). Metro-North moves for summary judgment on the ground that it owes no duty to the plaintiff and, therefore, as a matter of law, it cannot be liable to the plaintiff for negligence.
Attached to Metro-North's motion for summary judgment are copies of the lease of the railroad station between its owner, CDOT, and the lessee, the city of Stamford,[4] and of the agreement between CDOT, Metro-North and the Metropolitan Transportation Authority dated June 21, 1985. These documents make it clear that the city is responsible for the maintenance of sidewalks at the Transportation Center, and that Metro-North is responsible for the train, tracks, and platforms from which passengers enter and exit the trains.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In opposition to Metro-North's motion for summary judgment, the CT Page 1330 plaintiff claims that there is a genuine issue of material fact about the place where she fell. The plaintiff agrees that if she fell on a sidewalk, the city is responsible, and if she fell on a platform, Metro-North is responsible, but her memorandum states that her fall could have been in either location, and therefore summary judgment is not appropriate.
The problem with the plaintiff's argument, however, is that it is contrary to the plaintiff's consistent position that she fell on a sidewalk. In her original complaint filed in July of 1998, the plaintiff states that she fell on a "sidewalk." Since that time, the plaintiff has amended her complaint several times, including on May 12, 2000, the operative complaint, and continued to allege that she fell on a sidewalk in each subsequent version of the complaint. Moreover, attached to the complaint are copies of notice sent to the other defendants, CDOT and the city of Stamford, in which the plaintiff states that she fell on a sidewalk, not on the platform.
In the police accident report, the officer stated that a "passerby" had told him that a woman had just fallen on the "East Bound side platform." However, the officer goes on to say that when he investigated this report he found the plaintiff on the "sidewalk," not on a platform. In addition, the officer quotes the plaintiff herself who told him that she fell while "walking on the sidewalk near the escalator." The officer took pictures of the place where the plaintiff fell and attached them to his report. The place of the fall is a sidewalk right near an escalator, not out on a platform where the trains come in.
In opposing summary judgment, the plaintiff did not file her own affidavit. In theory, she could have said that she was on the platform because, for example, she had just exited from a train from New Rochelle. Not only is there no such affidavit, but the plaintiff, in her deposition, stated that she was not at the Transportation Center to board a train, and she had not just descended from a train on to a platform at the time of her fall, but rather she was there to purchase bus tickets, a task that obviously does not require going out on the train platform.
Thus, the only indication in this whole case that the plaintiff fell on a train platform, the responsibility of Metro-North, is the statement of a passerby who reported the accident to the police officer on duty at the station who actually found the plaintiff on a sidewalk. The plaintiff did not successfully rebut the claims in Metro-North's affidavit in support of summary judgment.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary CT Page 1331 judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
"If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." 2830 Whitney Avenue Corp.v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 569,636 A.2d 1377 (1994). Hence, Metro-North's motion for summary judgment is granted because, in the words of Practice Book § 17-49, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The action is dismissed as to the defendant Metro-North.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of February, 2002.
______________________________ William B. Lewis, Judge T.R.